# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| | : | |
| *Plaintiff* | : | |
| *vs.* | : | CIVIL ACTION NO. 2:08-cv-04083-RBS |
| | : | |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA, a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| | : | |
| *Defendants* | : | |

## ORDER

**AND NOW** this _____ day of September, 2008, upon consideration of Plaintiff's Motion for Extensive and Expedited Discovery including the Depositions of Barack Obama and Howard Dean with a Special Master, it is hereby **ORDERED** and **DECREED** as follows:

1.      Plaintiff's Motion for Extensive Discovery is **GRANTED**;

2.      Plaintiff's Motion for the Expedited Discovery regarding the Deposition of Barack Obama is **GRANTED** and Barack Obama shall submit to a Deposition:

   a.   By September 31, 2008;

   b.   At the Federal Courthouse, a neutral location, in Philadelphia, Pennsylvania with a Special Master who will rule on

objections, if any, and I have appointed as Special Master
_____ ;

    c. This initial deposition shall be a minimum of three [3] hours;
and

    d. Bring with him all documents related to his birth, adoption,
passport and citizenship.

3.     Plaintiff's Motion for Expedited Discovery is **GRANTED**

Defendant Barack H. Obama is **ORDERED** to turn over following items

within ten (10) days:

    (a)     A Genuine Certified Copy of Obama's "vault" version of his Birth
Certificate;

    (b)     Any and all Registrations of Birth, including but not limited to
Canada, Kenya, the British Isles, and the United States in the
name(s) of Barack Hussein Obama, Barry Soetoro, Barack
Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry
Dunham and Barack Dunham;

    (c)     A Certified copy of the U.S. Oath of Allegiance that was
required to be taken to regain any U.S. citizenship status;

    (d)     Any and all passport records and/or files, including but not limited
to applications and travel logs to Obama's Indonesian passport,
Kenya passport, British Isle passport, Pakistan passport and U.S.
Passport, in the name(s) of Barack Hussein Obama, Barry Soetoro,
Barack Soetoro, Barry Obama, Barack Hussein Mohammed
Obama, Barry Dunham and Barack Dunham;

    (e)     Any and all adoption records, including but not limited to the
adoption of Obama by Lolo Soetoro and Obama's grandparents,
the Dunham's in the name(s) of Barack Hussein Obama, Barry
Soetoro, Barack Soetoro, Barry Obama, Barack Hussein
Mohammed Obama, Barry Dunham and Barack Dunham;

    (f)     A copy of Defendant Obama's background check from the Federal
Bureau of Investigations and any other entity pursuant to being
vetted;

(g)     A copy of Defendant Obama's Kenya "vault" version Birth
        Certificate;

(h)     Any and all applications for a social security number and
        replacement social security cards in the name(s) of Barack Hussein
        Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack
        Hussein Mohammed Obama, Barry Dunham and Barack Dunham;
        and

(i)     Any and all applications and Court documents to change
        Defendant, Obama's name.


4.      Plaintiff's Motion for Expedited Discovery is **GRANTED**

Defendant Barack H. Obama is **ORDERED** to turn over the following      i t e m s

within twenty (20) days:

(a)     Any and all college applications and records, including but not
        limited to Occidental College, Harvard College, Harvard Law
        School, University of Chicago, Columbia and any other colleges
        which Defendant Obama applied at;

(b)     A copy of all college thesis papers from Occidental College,
        Harvard College, Harvard Law School, Columbia and any other
        colleges which Defendant Obama applied;

(c)     Any and all applications for College Grants and School Loans;

(d)     Any and all essays pertaining to Defendant Obama's life,
        background, heritage and childhood;

(e)      Any and all Baptismal records and/or certificates;

(f)     A detailed list and copies of membership of all clubs,
        organizations, fraternities, groups and affiliations;

(g)     A copy of Defendant Obama's Selective Service Registration;

(h)      Any and all Harvard Law Review articles written by Defendant
        Obama.

5.	Plaintiff's Motion for Expedited Discovery is **GRANTED**

Defendant Barack H. Obama is **ORDERED** to respond to Plaintiff's

"Request for Admissions" within ten (10) days of service;

6.	Plaintiff's Motion for Expedited Discovery is **GRANTED** and the

Defendant the Democratic National Committee (DNC) is **ORDERED** to   t u r n

over the following documents within ten (10) days;

(a)	The Background check from any and all Governmental Entity or Agency used in Vetting Defendant Obama;

(b)	Any and All paperwork and records submitted to the DNC in order to Nominate Defendant Obama;

(c)	Any and all records used in the vetting process of Defendant Obama; and

(d)	Any and all files, in the possession of the DNC pertaining to Defendant Barack H. Obama.

7.	Plaintiff's Motion for Expedited Discovery is **GRANTED** and

Defendant DNC Chairman, Governor Howard Dean is **ORDERED** to

submit to and complete a deposition:

(a)	By September 31, 2008;

(b)	At the Federal Courthouse, a neutral location, in Philadelphia, Pennsylvania with a Special Master who will rule on objections, if any, and I have appointed as Special Master _____;

(c)	This initial deposition shall be a minimum of three [3] hours; and

(d)	Bring with him all documents related to Obama that are on file at the Democratic National Committee.

8. Plaintiff's Motion for Expedited Discovery is **GRANTED**, all Defendants are **ORDERED** to respond to and answer all discovery requests, not mentioned herein, within thirty (30) days upon service.

**BY THE COURT:**

_____

R. Barclay Surrick, J.

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| | : | |
| | : | |
| *Plaintiff* | : | |
| *vs.* | : | CIVIL ACTION NO. 2:08-cv-04083-RBS |
| | : | |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA, a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| | : | |
| *Defendants* | : | |

## PLAINTIFF'S MOTION FOR EXTENSIVE AND EXPEDITED DISCOVERY INCLUDING THE DEPOSITIONS OF BARACK OBAMA and HOWARD DEAN WITH A SPECIAL MASTER

**NOW COMES** the Plaintiff, Philip J. Berg, Esquire [hereinafter "Plaintiff"] and respectfully requests this Honorable Court to grant Plaintiff's Motion and Order Extensive and Expedited Discovery including the Depositions of Barack Obama and Howard Dean with a Special Master on the following grounds:

1. In order to be eligible and qualified to run for Office of the President of the United States you must be a "natural born" citizen. United States Constitution, Article II, Section I.

2.   Barack H. Obama claims he was born in Hawaii however, his grandmother in Kenya, half brother and half sister claim they were present during Obama's birth in Kenya.

3.   Obama's mother was not old enough to have met the residence requirements to have Obama registered as a "natural born" citizen, if in fact Obama was born in Kenya.

4.   If in fact Obama was born in Kenya, the laws on the books at the time of his birth stated if a child is born abroad and one parent was a U.S. Citizen, which would have been his mother, Stanley Ann Dunham, Defendant's mother would have had to live ten (10) years in the U.S., five (5) of which were after the age of fourteen (14).  At the time of Obama's birth, his mother was only eighteen (18) and therefore did not meet the residency requirements under the law to give her son, Obama, U.S. "natural born" Citizenship.  The laws in effect at the time of Obama's birth prevented U.S. Citizenship at birth of children born abroad to a U.S. Citizen parent and a non-citizen parent, if the citizen parent was under the age of nineteen (19) at the time of the birth of the child.  Obama's mother did not qualify under the law on the books to register Defendant as a U.S. "natural born" citizen.  Section 301(a)(7) of the Immigration and Nationality Act of June 27, 1952, 66 Stat. 163, 235, 8 U.S.C. §1401(b), Matter of S-F- and G-, 2 I & N Dec. 182.  Obama would have only been Naturalized and a Naturalized citizen is not qualified and/or eligible to serve in the Office of the President. U.S. Constitution, Article II, Section I.

5.   Even if Obama's birth could have been registered as "natural born" in the United States, Obama lost his United States Citizenship when his mother, Stanley Ann Dunham, married Lolo Soetoro, a citizen of Indonesia and relocated with Obama to Indonesia, where Obama spent four (4) years.  The first requirement is that naturalization must be

achieved through "application." Such type of naturalization occurs, for example, when a person acquires a foreign nationality by marriage to a national of that country. Nationality Act of 1940, Section 317(b).

6. Moreover, Lolo Soetoro, an Indonesian citizen adopted Obama. Obama was registered in school in Jakarta, Indonesia as Barry Soetoro, as an Indonesian citizen and has his father listed at Lolo Soetoro, M.A.

7. As stated above, The Nationality Act of 1940 provided for the loss of citizenship when the person became naturalized in another country upon the naturalization of his or her parent having custody of such person. Obama's mother expatriated her U.S. Citizenship when she married Lolo Soetoro, a citizen of Indonesia and relocated her and her son, Obama, to Indonesia.

8. Obama's mother failed to take the Oath of Allegiance in order to regain her U.S. Citizenship. Therefore, Obama would not have been able to regain his U.S. Citizenship until he turned eighteen (18) years after he took the Oath of Allegiance before a diplomatic or consular officer of the United States, or in the U.S. before the Attorney General or the judge or clerk of court. Plaintiff is informed, believes and thereon alleges Obama failed to regain his citizenship by taking the Oath of Allegiance. Since the Oath of Allegiance would have been entered in the records of the appropriate embassy, legation, consulate, court or the Attorney General, if Plaintiff is incorrect, then Defendant should be able to produce in Court a certified copy of the proceedings, including a copy of the oath administered.

9. Obama and his Campaign office have been asked by the public for Obama's Certificate of Birth in order to prove he is a "natural born" citizen as required by the U.S. Constitution.

10.    After many attempts of the public to obtain Defendant's Certificate of Birth, a Hawaiian Certificate of Live Birth (COLB) was placed on Defendant Obama's campaign website.   However, as posted all over the internet, three (3) independent Document Forensic Experts performed extensive Forensic testing on the Certificate of Live Birth posted on Defendant Obama's campaign website.   The Forensic Expert findings were the Certificate of Live Birth (COLB) was in fact a forgery.  It was further discovered the original Certificate of Live Birth which had been altered and forged was issued to Maya Kasandra Soetoro, born in 1970.  Maya Kasandra Soetoro is Defendant's half sister who was born in Indonesia and her birth was later registered in Hawaii.  The altered and forged COLB is still on Defendant Obama's website located at http://my.barackobama.com/page/invite/birthcert

11.    Further discovery and investigation led to Obama's State Bar Registration and Public Disciplinary Record.   On the Illinois State Bar Registration and Public Disciplinary Record it specifically asks for "Full former name(s).  Obama put "None", when in fact he went by the name Barry Soetoro and Barry Obama.  It is further believed Obama has used the name Barry Dunham.  Obama lied on the State government form that he signed under the penalty of perjury.

12.    The Democratic National Committee (DNC) is supposed to represent and protect the interests of working Americans, which includes securing a Democratic Nominee on the Presidential Election ballot who represents the Democratic vision and who is qualified and eligible to run for Office of the President under the qualifications of the United States Constitution.  The DNC has failed to inquire into Obama's eligibility status.

13.     It is imperative to receive expedited discovery into all applications submitted to the DNC and all paperwork, including but not limited to background checks, verifications into Obama's eligibility to serve as President of the United States and all investigations, paperwork received and/or prepared pertaining to Obama and all records pertaining to vetting Obama.

14.     Despite the questions into Obama's citizenship and eligibility to serve as President of the United States, Obama was nominated and he accepted said nomination as the Democratic Candidate for President of the United States.

15.     The citizenship status of Defendant Obama is a critical issue, which needs to be addressed and confirmed prior to any election of our United States President to uphold the eligibility requirements in Article II, Section I of the United States Constitution pertaining to the eligibility and qualifications of a person to serve as the President of the United States.

16.     If Defendant Obama's citizenship and his eligibility, if any, to serve as President of the United States is not confirmed prior to the Presidential election, and if Defendant Obama is elected and later found that he is not eligible to serve as the President of the United States, it will cause a huge chaos in America.

17.     Moreover, if Defendant Obama is found not to be a "natural born" United States citizen and allowed to serve as President, it would allow variances from our United States Constitution without due process of law. If this were to occur it would set precedence, and further variances from our United States Constitution would be allowed, without due process of law and ultimately all citizens of the United States would not have the protections secured by the United States Constitution.

18.     It is imperative to immediately obtain the proper documentation to verify and confirm Defendant Obama's eligibility or lack thereof, to serve as President of the United States.

19.     If Obama is found to be ineligible to serve as President of the United States, it is imperative to have his name removed from the ballot and remove his nomination urgently to afford the citizens of the United States to have a properly vetted and qualified Democratic candidate in which to cast their votes. If found ineligible, there is a procedure in the Rules of Democratic National Committee to fill a vacancy as was done in 1972 when Presidential candidate George McGovern's Vice President candidate Senator Thomas F. Eagleton was replaced by the DNC after he stepped down after revealing he suffered from mental illness and electroshock therapy. The DNC nominated R. Sargent Shriver as the Democratic candidate for Vice President.

20.     Citizens of the United States should never be left with questions regarding the eligibility or ineligibility of any Presidential candidate. If these issues are not dealt with urgently we are at grave risk of a United States Constitutional crisis.

21.     Defendant's will not be prejudiced if Ordered to comply with an extensive and expedited discovery Order. Moreover, if Obama can prove he is a U.S. "natural born" citizen and that he is in fact eligible to serve as President of the United States then Obama and the other Defendants would benefit as they would be able to put the citizenship issues to rest.

22.     For the aforementioned reasons, Plaintiff is requesting discovery to start immediately, including but not limited to

- Deposition of Defendant Obama to be conducted on or before September 31, 2008 in the presence of a Special Master appointed by Your Honor;

- Deposition of DNC Chairman, Governor Howard Dean on or before September 31, 2008 in the presence of a Special Master appointed by Your Honor;

- Admissions to be responded to by the Defendants within ten (10) days of service;

- Production of documents as specified and requested below;

- Interrogatories to be answered within fifteen (15) days of service; and

- All other discovery, not mentioned herein to be completed by Defendants within thirty (30) days of service.

23.     Plaintiff is requesting extensive discovery which exceeds the limits outlined in the *Federal Rules of Civil Procedure, Rule 33*.

24.     Pursuant to *Federal Rules of Civil Procedure, Rule 53(a)(1)(C)*, Plaintiff is requesting a Special Master be appointed for the Deposition's of Obama and Mr. Dean in order to quell discovery disputes, address technical issues of fact, rule on objections, and handle any issues during the taking of Obama and Mr. Deans deposition, that may not be effectively and timely addressed by an available district judge or magistrate judge of the district, during the questioning of Obama and Mr. Dean, Chairman of the DNC.

25.     All of the questions into Defendant Obama's eligibility can be resolved and put to rest immediately if he is proves his citizenship status, and prove his citizenship was obtained legally. Plaintiff is requesting the following Expedited Discovery to be conducted and completed within the following time frame:

Defendant Obama to be Court Ordered to turn over the following documents, within ten

(10) days:

(a)     A Genuine Certified Copy of Obama's "vault" version of his Birth Certificate;

(b)     Any and all Registrations of Birth, including but not limited to Canada, Kenya, the British Isles, and the United States in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham;

(c)     A Certified copy of the U.S. Oath of Allegiance that was required to be taken to regain any U.S. citizenship status;

(d)     Any and all passport records and/or files, including but not limited to applications and travel logs with an Indonesian passport, Kenya passport, British Isle passport, Pakistan passport and/or U.S. Passport, in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham;

(e)     Any and all adoption records, including but not limited to the adoption of Obama by Lolo Soetoro and Obama's grandparents, the Dunham's in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham;

(f)     A copy of Defendant Obama's background check from the Federal Bureau of Investigations and any other entity pursuant to being vetted;

(g)     A copy of Defendant Obama's Kenya "vault" version Birth Certificate;

(h)     Any and all applications for a social security number and replacement social security cards in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham; and

(i)     Any and all applications and Court documents to change Defendant Obama's name.

Defendant Obama to be Court Ordered to turn over the following documents, within
twenty (20) days:

(a)     Any and all college applications and records, including but not
        limited to Occidental College, Harvard College, Harvard Law
        School, University of Chicago, Columbia and any other colleges
        which Defendant Obama applied at;

(b)     A copy of all college thesis papers from Occidental College,
        Harvard College, Harvard Law School, Columbia and any other
        colleges which Defendant Obama applied;

(c)     Any and all applications for College Grants and School Loans;

(d)     Any and all essays pertaining to Defendant Obama's life,
        background, heritage and childhood;

(e)     Any and all Baptismal records and/or certificates;

(f)     A detailed list and copies of membership of all clubs,
        organizations, fraternities, groups and affiliations;

(g)     A copy of Defendant Obama's Selective Service Registration; and

(h)     Any and all Harvard Law Review articles written by Defendant
        Obama.

Defendant Barack H. Obama to be Court Ordered to submit to and complete a deposition
on or before September 31, 2008 in the presence of a Special Master appointed by Your
Honor;

Defendant Barack H. Obama to be Court Ordered to respond to Plaintiff's "Request for
Admissions" within ten (10) days of service;

Defendant the Democratic National Committee (DNC) to be Court Ordered to turn over
the following documents within ten (10) days;

(a)     The Background check from any Governmental Entity or Agency
        used in vetting Defendant Obama;

(b)     Any and all paperwork and records submitted to the DNC in order

to Nominate Defendant Obama;

(c)     Any and all records used in the vetting process of Defendant
        Obama; and

(d)     Any and all files, in the possession of the DNC pertaining to
        Defendant Barack H. Obama.

Defendant DNC Chairman, Governor Howard Dean, to be Court Ordered to submit to

and complete a deposition on or before September 31, 2008 in the presence of a Special

Master appointed by Your Honor; and

All Defendants be Court Ordered to respond to and answer all discovery requests, not

mentioned herein, within thirty (30) days once served.

**WHEREFORE,** Plaintiff, Philip J. Berg, Esquire, respectfully requests this

Honorable Court enter the Order in the form attached hereto, as outlined below, granting

Plaintiffs Motion for Extensive and Expedited Discovery including the depositions of

Barack Obama and Howard Dean in the presence of a Special Master appointed by Your

Honor.

1.      Grant Plaintiff's Motion for Extensive Discovery;

2.      Grant Plaintiff's Motion for Expedited Discovery Ordering Defendant

Barack H. Obama to turn over following items within ten (10) days:

(a)     A Genuine Certified Copy of Obama's "vault" version of his Birth
        Certificate;

(b)     Any and all Registrations of Birth, including but not limited to
        Canada, Kenya, the British Isles, and the United States in the
        name(s) of Barack Hussein Obama, Barry Soetoro, Barack
        Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry
        Dunham and Barack Dunham;

(c)        A Certified copy of the U.S. Oath of Allegiance that was required to be taken to regain any U.S. citizenship status;

(d)        Any and all passport records and/or files, including but not limited to applications and travel logs with an Indonesian passport, Kenya passport, British Isle passport, Pakistan passport and/or U.S. Passport, in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham;

(e)        Any and all adoption records, including but not limited to the adoption of Obama by Lolo Soetoro and Obama's grandparents, the Dunham's in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham; and

(f)        A copy of Defendant Obama's background check from the Federal Bureau of Investigations and any other entity pursuant to being vetted;

(g)        A copy of Defendant Obama's Kenya "vault" version Birth Certificate;

(h)        Any and all applications for a social security number and replacement social security cards in the name(s) of Barack Hussein Obama, Barry Soetoro, Barack Soetoro, Barry Obama, Barack Hussein Mohammed Obama, Barry Dunham and Barack Dunham; and

(i)        Any and all applications and Court documents to change Defendant Obama's name.


3.        Grant Plaintiff's Motion for Expedited Discovery Ordering Defendant

Barack H. Obama to turn over the following items within twenty (20) days:


(a)        Any and all college applications and records, including but not limited to Occidental College, Harvard College, Harvard Law School, University of Chicago, Columbia and any other colleges which Defendant Obama applied at;

(b)        A copy of all college thesis papers from Occidental College, Harvard College, Harvard Law School, Columbia and any other

colleges which Defendant Obama applied;

(c)      Any and all applications for College Grants and School Loans;

(d)      Any and all essays pertaining to Defendant Obama's life, background, heritage and childhood;

(e)      Any and all Baptismal records and/or certificates;

(f)      A detailed list and copies of membership of all clubs, organizations, fraternities, groups and affiliations;

(g)      A copy of Defendant Obama's Selective Service Registration; and

(h)      Any and all Harvard Law Review articles written by Defendant Obama.

4.      Grant Plaintiff's Motion for Expedited Discovery Ordering Defendant Barack H. Obama to submit to and complete a deposition on or before September 29, 2008 in the presence of a Special Master appointed by Your Honor;

5.      Grant Plaintiff's Motion for Expedited Discovery Ordering Defendant Barack H. Obama to respond to Plaintiff's "Request for Admissions" within ten (10) days of service;

6.      Grant Plaintiff's Motion for Expedited Discovery Ordering Defendant the Democratic National Committee (DNC) to turn over the following documents within ten (10) days;

(a)      The Background check from any Governmental Entity or Agency used in vetting Defendant Obama;

(b)      Any and all paperwork and records submitted to the DNC in order to Nominate Defendant Obama;

(c)      Any and all records used in the vetting process of Defendant Obama; and

      (d)      Any and all files, in the possession of the DNC pertaining to
Defendant Barack H. Obama.

7.      Grant Plaintiff's Motion for Expedited Discovery Ordering DNC

Chairman, Governor Howard Dean to submit to and complete a deposition on or   before

September 29, 2008 in the presence of a Special Master appointed by Your Honor;

8.      Grant Plaintiff's Motion for Expedited Discovery Ordering all Defendants

to respond to and answer all discovery requests, not mentioned herein, within

thirty (30) days once served; and

9.      Grant Plaintiff such other and further relief as the Court deems just and

proper.

Respectfully submitted,

  s/  Philip J. Berg

Dated: September 09, 2008

_____
Philip J. Berg, Esquire
Attorney in *Pro Se*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No.  09867
(610) 825-3134

| PHILIP J. BERG, ESQUIRE, | : | |
| | : | |
| ***Plaintiff*** | : | |
| *vs.* | : | CIVIL ACTION NO. 2:08-cv-04083-RBS |
| | : | |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA, a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| | : | |
| ***Defendants*** | : | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR EXTENSIVE AND EXPEDITED DISCOVERY INCLUDING THE DEPOSITIONS OF BARACK OBAMA and HOWARD DEAN <u>IN THE PRESENCE OF A SPECIAL MASTER</u>

Plaintiff Philip J. Berg, Esquire [hereinafter "Plaintiff"] hereby offers this Memorandum in support of his Motion for Extensive Discovery exceeding the limits set forth in the <u>*Federal Rules of Civil Procedure, Rule 26 and Rule 33*</u>; and Expedited Discovery including the Depositions of Barack Obama and Howard Dean in the presence of a Special Master appointed by Your Honor.

Plaintiff seeks focused and expedited discovery, so that he can demonstrate to the Court, as soon as possible, the full breadth of innocent people affected by Defendant Obama's fraudulent campaign.

To allow Defendant Obama to continue running for Office of the President of the United States without satisfying the qualifications and specifically the citizenship requirements and status, will violate the United States Constitution and Laws, which our forefathers set out to protect.

### A.    <u>FACTS AND PROCEDURAL HISTORY</u>

Plaintiff filed the within action on or about August 21, 2008 against Defendants seeking Declaratory and Injunctive Relief, declaring Barrack Hussein Obama [hereinafter "Obama"] ineligible to serve as President of the United States and enjoining Obama from further campaigning to be elected as President of the United States.

Defendants Obama and the Democratic National Committee (DNC) [hereinafter "DNC"] were served with the Summons and Complaint on September 4, 2008. The U.S. Attorney's Office accepted service on behalf of Defendant, The Federal Election Commission [hereinafter "FEC'] on August 22, 2008.

Since the adoption of the U.S. Constitution, in order to serve as President, one must be a "natural born citizen" and may not hold dual citizenship or multiple citizenships with foreign Countries. U.S. Constitution, Article II, Section 1.

There appears to be no question that Defendant Obama's mother, Stanley Ann Dunham, was a U.S. citizen. It is also undisputed, however, that his father, Barack Obama, Sr., was a citizen of Kenya. Obama's parents, according to divorce records, were married on or about February 2, 1961.

Defendant Obama claims he was born in Honolulu, Hawaii on August 4, 1961

and it is uncertain in which hospital he claims to have been born. Obama's grandmother on his father's side, his half-brother and half-sister all claim Obama was born not in Hawaii but in Kenya. Reports reflect that Obama's mother traveled to Kenya during her pregnancy; however, she was prevented from boarding a flight from Kenya to Hawaii at her late stage of pregnancy (which, apparently, was a normal restriction, to avoid births during a flight). By these reports, Stanley Ann Dunham Obama gave birth to Obama in Kenya, after which she flew home and registered Obama's birth. There are records of a "registry of birth" for Obama, on or about August 8, 1961 in the public records office in Hawaii.

Upon investigation into the alleged birth of Obama in Honolulu, Hawaii, Obama's birth is reported as occurring at two (2) separate hospitals, Kapiolani Hospital and Queens Hospital. Wikipedia English Version, under the subject "Barack Obama," states Obama was born at Kapiolani Hospital. Wikipedia Italian Version, under the subject "Queens Hospital," states Barack Obama was born in Queens Hospital. Furthermore, the Rainbow Edition News Letter, November 2004 Edition, published by the Education Laboratory School did a several page article of an interview with Obama and his half-sister, Maya. The Rainbow Edition News Letter reports Obama was born August 4, 1961 at Queens Medical Center in Honolulu, Hawaii. More interesting in February 2008, Obama's half-sister, Maya, was again interviewed in the Star Bulletin and she states Obama was born August 4, 1961 in Kapiolani Medical Center for Women & Children.

There are further references circulating on the internet claiming examination of the hospital's records in Hawaii show no birthing records for Stanley Ann Dunham (Obama), Obama's mother. However, there are records of a "registry of birth" for Obama, on or about August 8, 1961, in the public records office in Hawaii.

Wayne Madsen, Journalist with Online Journal as a contributing writer published an article on June 9, 2008 stating that a research team went to Mombassa, Kenya, and located a Certificate Registering the birth of Barack Obama, Jr. at a Maternity Hospital, to his father, a Kenyan citizen and his mother, a U.S. citizen.

At the time of Obama's birth in 1961, Kenya was a British Colony.

Under the Independence Constitution of Kenya, Obama became a Kenyan citizen on December 12, 1963. Chicago-based Internet journalist, broadcaster and critic Andy Martin states that Obama has never renounced his Kenyan citizenship. Andy Martin further states that, on Obama's Senate web site, Obama tap dances around his own dual nationality when discussing his father. Obama obviously knows, because his father told him, that he (Obama) also held/holds Kenyan nationality.

If, in fact, Defendant Obama was born in Kenya, under the laws of the United States, in effect at the time of his birth, if a child was born abroad, and one parent was a U.S. citizen (which here, of course, would be Obama's mother, Stanley Ann Dunham), Obama's mother would have had to have lived ten (10) years in the U.S., five (5) of which were after she reached the age of fourteen (14). At the time of Obama's birth, his mother was only eighteen (18), and therefore did not meet the residency requirements under the law to give her son (Obama) U.S. Citizenship. The laws in effect at the time of Obama's birth did not recognize U.S. Citizenship at birth of children born abroad to a U.S. Citizen parent and a non-citizen parent, <u>if the citizen parent was under the age of nineteen (19) at the time of the birth of the child</u>. Obama's mother did not qualify under the law on the books to register Obama as a "natural born" citizen. Section 301(a)(7) of the Immigration and Nationality Act of June 27, 1952, 66 Stat. 163, 235, 8 U.S.C. §1401(b), Matter of S-F- and G-, 2 I & N Dec.

182 (B.I.A.) approved (Att'y Gen. 1944). Obama could only have become a U.S. citizen if naturalized, and <u>a naturalized citizen is not qualified and/or eligible to run for the office of President of the United States</u>. U.S. Constitution, Article II, Section I. Furthermore, if Obama was born in Kenya, his birth father Barack Obama, Sr. was a citizen of Kenya; therefore, Obama would necessarily have become a citizen of Kenya.

Furthermore, if Obama had been born in Kenya, his birth father Barack Obama, Sr. was a citizen of Kenya; therefore, Obama would have automatically become a citizen of Kenya.

<u>Even if Obama was, in fact, born in Hawaii, he lost his U.S. citizenship when his mother re-married and moved to Indonesia with her Indonesian husband</u>. In or about 1967, when Obama was approximately six (6) years old, his mother, Stanley Ann Dunham, married Lolo Soetoro, a citizen of Indonesia, and moved to Indonesia with Obama. Obama lost his U.S. citizenship, when his mother married Lolo Soetoro, and took up residency in Indonesia. Loss of citizenship, in these circumstances, under U.S. law (as in effect in 1967) required that foreign citizenship have been achieved through "application." Such type of naturalization occurred, for example, when a person acquired a foreign nationality by marriage to a national of that country. Nationality Act of 1940, Section 317(b). A further issue is presented that, at least according to information in circulation on the Internet, Obama's Indonesian stepfather, Lolo Soetoro, may have adopted Obama.

The Nationality Act of 1940 provided for the loss of citizenship when a child became naturalized in a foreign country upon the naturalization of his or her parent having custody of such child. Obama's mother expatriated her U.S. Citizenship when she married Lolo Soetoro, a citizen of Indonesia, and relocated with her son, Obama, to Indonesia.

Obama was enrolled by his parents in a public school, Fransiskus Assisi School in Jakarta, Indonesia. Plaintiff has received copies of the school registration, in which it clearly states Obama's name as "Barry Soetoro," and lists his citizenship as Indonesian. Obama's father is listed as Lolo Soetoro, Obama's date of birth and place of birth are listed as August 4, 1961 in Honolulu, and Obama's Religion is listed as Islam. This document was verified by Inside Edition, whose reporter, Matt Meagher took the actual footage of the school record.

In or about 1971, Obama's mother sent Obama back to Hawaii. Obama was ten (10) years of age upon his return to Hawaii.

Sometime after the return of Obama to Hawaii, Obama's mother, Stanley Ann Dunham, returned to Hawaii and divorced her second husband, Lolo Soetoro. At the time of this divorce, Obama's mother, Stanley Ann Dunham, *could have* regained her U.S. Citizenship. In order to regain her U.S. citizenship, Obama's mother would have had to take the Oath of Allegiance required. Such Oath of Allegiance may be taken abroad, before a diplomatic or consular officer of the United States, or in the United States, before the Attorney General or the judge or clerk of a Court. Such Oath of Allegiance would have been entered in the records of the appropriate embassy, legation, consulate, court, or the Attorney General; and upon demand, a certified copy of the proceedings, including a copy of the oath administered, under the seal of the embassy, legation, consulate, court or the Attorney General shall be delivered. The certified copy shall be evidence of the facts stated therein before any court of record or judicial tribunal and in any department or agency of the Government of the United States. 8 U.S.C. § 1435.

As stated above, the Nationality Act of 1940 provided for the loss of citizenship when the person became naturalized abroad, upon the naturalization of his or her parent

having custody of such person. Obama's mother expatriated her U.S. Citizenship when she married Lolo Soetoro, a citizen of Indonesia, and relocated her and her son, Obama, to Indonesia.

Plaintiff believes that Obama's mother failed to take the oath in order to regain her U.S. Citizenship. If that be the case, Obama could not have regained the U.S. citizenship that he lost upon his mother's re-marriage and relocation to Indonesia, until he reached eighteen (18) years of age, and unless he took the Oath of Allegiance before a diplomatic or consular officer of the United States, or in the U.S. before the Attorney General or the judge or clerk of court. Plaintiff is informed, believes and thereon alleges that Obama (assuming he had had United States citizenship, by reason of his claimed birth in Hawaii, in the first place) failed to regain his citizenship by taking the Oath of Allegiance. Since the Oath of Allegiance would have been entered in the records of the appropriate embassy, legation, consulate, court or the Attorney General, if Plaintiff is incorrect, then Obama should be able to produce, in Court, a certified copy of the proceedings, including a copy of the oath administered.

Investigation further showed that, in 1981, Obama traveled to Pakistan, using his Indonesian passport. According to Indonesian laws, passports must be reissued every five (5) years. At the time of his travels to Pakistan, Obama was twenty (20) years old. He certainly knew that he retained his Indonesia citizenship, and it is implausible that he could not have known that he had failed to regain his United States citizenship (if, again, he had been born in Hawaii). Indonesia does not allow dual citizenship. Had Obama regained his United States citizenship, he would have been traveling on a United States Passport.

Obama and his campaign office have been asked for Obama's Certificate of Birth,

in order to prove he is a "natural born" citizen as required by the U.S. Constitution.

After many requests by the media and members of the public for a copy of Obama Obama's Birth Certificate, a Hawaiian Certificate of Live Birth (COLB) was placed on Obama's campaign website. However, as posted all over the internet three (3) independent document forensic experts have performed extensive forensic testing on the Certificate of Live Birth posted on Obama's campaign website. The forensic experts' findings were the Certificate of Live Birth (COLB) is in fact a forgery. It was further discovered that the original Certificate of Live Birth which had been altered and forged was issued to Maya Kasandra Soetoro, born in 1970. Maya Kasandra Soetoro is Obama's half-sister, who was born in Indonesia, and her birth was later registered in Hawaii. The altered and forged COLB is still on Obama's campaign website located at http://my.barackobama.com/page/invite/birthcert.

Further investigation led to Obama's State Bar Registration and Public Disciplinary Record. On the Illinois State Bar Registration and Public Disciplinary Record, it specifically asks for "Full former name(s). Obama put "None", when in fact he went by the name Barry Soetoro and Barry Obama. It is further believed Obama has used the name Barry Dunham. Obama lied on the State government form that he signed under the penalty of perjury.

Even if Obama had and maintained United States citizenship (which Plaintiff believes he failed to do) he also holds citizenship in Kenya and Indonesia. Obama has divided loyalties with foreign countries. Thus, Obama carries multiple citizenships, and is ineligible to run for President of the United States. United States Constitution, Article II, Section I.

All the efforts of supporters of legitimate citizens, candidates for the Democratic presidential nomination were for nothing, because Obama cheated his way into a fraudulent candidacy, and cheated legitimately eligible, natural-born citizens from competing in a fair process, and the supporters of their choice of an eligible U.S. citizen for the nomination of President of the United States.

Voters donated money [in excess of $200 million] goods and services to select a nominee, and were defrauded by Obama's obfuscations. Obama clearly shows consciousness of guilt by his actions by posting a forged birth certificate on his website, and by and the falsifications he told to cover his loss of citizenship.

Obama proclaims himself a Constitutional scholar and lecturer, but apparently failed to detect his own ineligibility to become President.

Extensive and Expedited discovery must be issued to clarify the significant issues surrounding Obama's eligibility to serve as President of the United States. Failing to do so, and allowing Obama to be elected as President of the United States and later learning he is ineligible as a result of not being a "natural born" citizen will permit the perpetuation of a fraud and the disenfranchisement of every person who voted in a Democratic primary in 2008 and all voters in the General Election on November 4, 2008. Failure to grant extensive discovery and expedite discovery would allow a corrupted, fraudulent nomination process to continue, if it is later determined that Obama is ineligible.

The denial of extensive and expedited discovery relief would not only allow such a process to continue, but would foster an overwhelming degree of disrespect and cynicism for the electoral process (already sullied in the public mind by irregularities in the last several election cycles) and threaten to confirm the unfortunately widespread belief that no

potential candidate has to obey the laws of this country, respect our election process, follow the Constitution, or even suffer any consequence for lying and defrauding voters to get onto the ballot, when they have no chance of lawfully serving if they fraudulently manage to get elected.

If the questions of eligibility of Obama are not answered and verified it would be extremely unfair to the country for candidates of either party to become the nominee, when there is any question as to the nominee's eligibility to serve if elected.

As stated above, Plaintiff as well as tens of millions of American voters, Democrats and persons disinclined to vote for the presumptive nominee of the Republican Party, Senator McCain, will suffer irreparable harm, if Obama is allowed to continue his campaign to be elected as the President of the United States without proving he is in fact eligible. Plaintiff does not have any other way of redress regarding these very significant and important issues.

The DNC has failed Plaintiff as well as voters across the country, by its failure to perform due diligence, and to properly ascertain Obama's eligibility and/or ineligibility to run for Office of the President.

Obama has become the Nominee of the Democratic Party, and it should then be discovered by virtue of malfeasance, or negligence, on his part not to have revealed material evidence showing him to be ineligible for the Office of President of the United States of America, presumably his nomination or his election will at some point be voided, to the irreparable harm of Plaintiff and others, including but not limited to:

A) Functional, or actual, disenfranchisement of large numbers of citizens, being members of the Democratic Party or other persons wishing to vote

for a viable candidate other than Senator McCain, who will have been
deprived of the ability to choose and to elect a Constitutionally eligible
candidate of their liking;

B)     Irreparable Harm to the structure and integrity of the Democratic Party
and the Democratic National Committee.  In turn this too would lead to
Disenfranchisement; and

C)     A severe and genuine likelihood of turmoil or even civil disturbance, by
virtue of reaction to such disenfranchisement.

The Democratic National Committee (DNC) is supposed to represent and protect
the interests of working Americans, which includes securing a Democratic Nominee on
the Presidential Election ballot who represents the Democratic vision and who is
qualified and eligible to run for Office of the President under the qualifications of the
United States Constitution.  The DNC has failed to inquire into Obama's eligibility
status.

It is imperative to receive expedited discovery into all applications submitted to
the DNC and all paperwork, including but not limited to background checks, verifications
into Defendant Obama's eligibility to serve as President of the United States and all
investigations, paperwork received and/or prepared pertaining to Defendant Obama and
all records pertaining to vetting Defendant Obama.

Despite the questions into Defendant Obama's citizenship and eligibility to serve
as President of the United States, Defendant Obama was nominated as the Democratic
Candidate for President of the United States.

The citizenship status of Defendant Obama is a critical issue, which needs to be

addressed and confirmed prior to any election of our President to uphold the eligibility requirements in Article II, Section I of the United States Constitution pertaining to the eligibility and qualifications of a person to serve as the President of the United States.

If Defendant Obama's citizenship and his eligibility, if any, to serve as President of the United States is not confirmed prior to the Presidential election, and if Defendant Obama is elected and later found that he is not eligible to serve as the President of the United States, it will cause a huge chaos in America.

Moreover, if Defendant Obama is found not to be a "natural born" United States citizen and allowed to serve as President, it would allow variances from our United States Constitution without due process of law. If this were to occur it would set precedence, and further variances from our United States Constitution would be allowed, without due process of law and ultimately all citizens of the United States would not have the protections secured by the United States Constitution.

It is imperative to immediately obtain the proper documentation to verify and confirm Defendant Obama's eligibility or lack thereof to serve as President of the United States or lack thereof.

If Obama is found to be ineligible to serve as President of the United States, it is imperative to have his name removed from the ballot and remove his nomination urgently to afford the citizens of the United States to have a properly vetted and qualified Democratic candidate in which to cast their votes.

Citizens of the United States should never be left with questions regarding the eligibility or ineligibility of any Presidential candidate.

## B. LEGAL STANDARDS AND
## REQUIREMENT FOR EXTENSIVE DISCOVERY


Pursuant to the *Federal Rules of Civil Procedure, Rule 33*, Interrogatories are to be limited to 25 questions. However, unless otherwise stipulated a party may petition the Court and the Court may grant Leave to serve additional Interrogatories, *Federal Rules of Civil Procedure, Rule 33(a)(1)*.

Extensive discovery in way of Interrogatories and Request for Production of Documents is imperative. There are several issues surrounding the question of Obama's citizenship. These issues include but are not limited to:

     (a)     Obama's birth in Kenya and/or the British Isles and his mother not being old enough to register his birth as a "natural born" citizen;

     (b)     Obama being adopted by his Indonesian step father, Lolo Soetoro, a citizen of Indonesia;

     (c)     Obama maintaining dual and/or multi citizenship with Kenya, Canada, the British Isles, Indonesia and/or the United States; and

     (d)     Obama's failure to take the Oath of Allegiance to regain his U.S. citizenship, whether "natural born" or naturalized, if he ever held such.

The documentation needed to clarify Obama's eligibility to serve as President of the United States is extensive and involve, but are not limited to birth records, possibly from several countries; registrations of births; passport records; adoption records; selective service records; college applications, grant applications and student loan applications; social security records; backgrounds check records; Oath of Allegiance; and Social Security records.

*Federal Rules of Civil Procedure, Rule 33(a)(1)* states:

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."

*Federal Rules of Civil Procedure, Rule 26(b)(2)(A)* states:

"(b) Discovery Scope and Limits.

(2) Limitations on Frequency and Extent.

(A) *When Permitted*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36."

Citizens of the United States should never be left with questions regarding the eligibility or ineligibility of any Presidential candidate.

The citizenship status of Defendant Obama is a critical issue, which needs to be addressed and confirmed prior to any election of our President of the United States to uphold the eligibility requirements in Article II, Section I of the United States Constitution pertaining to the eligibility and qualifications of a person to serve as President of the United States.

For the aforementioned reasons, Plaintiff respectfully request this Honorable Court to grant Plaintiff's Motion for extensive written discovery by way of Interrogatories, Admissions and Request for Production of Documents and the Depositions of Barack Obama and Howard Dean.

## C. THIS COURT SHOULD GRANT PLAINTIFF'S
## REQUEST FOR EXPEDITED DISCOVERY


Plaintiff also seeks leave from this Court to begin discovery immediately so that Plaintiff can demonstrate to the Court, the full extent of Obama's fraudulent schemes in way of attempting to run and get elected as President of the United States knowing he is ineligible as he is not a "natural born" citizen. It is crucial Plaintiff obtain certified copies of Obama's birth records, Oath of Allegiance if it exists, adoption records, passport records and all other records which prove he is not a citizen of the United States and/or a "natural born" citizen.

Courts have authorized expedited discovery on good cause shown, notwithstanding the strictures of *Rule 26(d) of the Federal Rules of Civil Procedure* (that no discovery shall take place until the parties have conferred pursuant to Rule 26(f). Indeed, the Third Circuit has emphasized that "[u]nder the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724,734 (3d Cir. 1995). Specifically, in the context of expedited discovery sought for purposes of a preliminary injunction motion, courts have inquired as to the "reasonableness of the request in light of all the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000); *see also* In *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001), in ruling on a motion to permit expedited discovery in advance of a Rule 26(f) scheduling conference, the court stated that "[a]bsent credible authority to the contrary, the Court adopts a good cause standard." *See also Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D.675, 676 (D.

Colo. 2002).

The reasons furnished by Plaintiff in support of his request pass any of the legal thresholds used by district courts in assessing motions to expedite discovery. Here, there is good cause for discovery to begin immediately. Obama has been formally nominated by the Democratic Party as its Democratic nominee for the Office of President of the United States. However, Obama has not been vetted and there has been absolutely no inquiry into Obama's eligibility to serve as the United States President. If Obama is elected as President of the United States and it is later determined he is ineligible due to his lack of citizenship, Plaintiff, as well as tens of millions of American voters will suffer irreparable harm.

If the questions of eligibility of Obama are not answered and verified it would be extremely unfair to the country for candidates of either party to become the nominee, when there is any question as to the nominee's eligibility to serve if elected.

As stated above, Plaintiff as well as tens of millions of American voters, Democrats and persons disinclined to vote for the nominee of the Republican Party, Senator McCain, will suffer irreparable harm, if Obama is allowed to continue his campaign to be elected as President of the United States without proving he is in fact eligible. Plaintiff does not have any other way of redress regarding these very significant and important issues.

The DNC has failed Plaintiff as well as voters across the country, by its failure to perform due diligence, and to properly ascertain Obama's eligibility and/or ineligibility to run for the Office of the President.

Obama has become the Nominee of the Democratic Party, and it should then be discovered by virtue of malfeasance, or negligence, on his part not to have revealed material evidence showing him to be ineligible for the Office of President of the United States of

America, presumably his nomination or his election will at some point be voided, to the irreparable harm of Plaintiff and others, including but not limited to:

A)     Functional, or actual, disenfranchisement of large numbers of citizens, being members of the Democratic Party or other persons wishing to vote for a viable candidate other than Senator McCain, who will have been deprived of the ability to choose and to elect a Constitutionally eligible candidate of their liking;

B)     Irreparable Harm to the structure and integrity of the Democratic Party and the Democratic National Committee.  In turn this too would lead to Disenfranchisement; and

C)     A severe and genuine likelihood of turmoil or even civil disturbance, by virtue of reaction to such disenfranchisement.

Plaintiff requests also works minimal prejudice or unfairness to Obama, himself, as, at most, all that Obama would have to do in person (although certainly he would be entitled to appear and to give testimony, or submit an affidavit stating the facts) would be to execute authorizations, prepared by his attorneys or by members of his staff, for relevant birth, passport, consular (Oath of Allegiance) and other relevant documents to be obtained and certified.  Moreover, if Obama is able to prove citizenship status and eligibility to serve as President the United States, it puts an end to the questions of qualifications.

If Obama is found to be ineligible to serve as President of the United States, it is imperative to have his name removed from the ballot and remove his nomination urgently to afford the citizens of the United States to have a properly vetted and qualified

Democratic candidate in which to cast their votes.

Finally, Plaintiff's discovery request is narrowly tailored to obtain only the information it needs to pursue preliminary injunctive relief prohibiting Obama from running for President, and enjoining the DNC from naming Obama as a Democratic President Nominee.

This is a huge Constitutional Law issue. If variances in the United States Constitution are permitted, it will set precedence. Further, if the protections of the United States Constitution are manipulated, Plaintiff and all citizens of the United States will not be afforded any protections, as further variances will continue without due process of the law.

### D. A SPECIAL MASTER SHOULD BE APPOINTED

*Federal Rules of Civil Procedure, Rule 53(a)(1)(C)* states in pertinent part:

Rule 53, Special Master

(a) Appointment

(1) Scope**.**


 (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.


Plaintiff is requesting a Special Master be appointed for the Deposition's of Obama and Mr. Dean in order to quell discovery disputes, address technical issues of fact, rule on objections, and handle any issues during the taking of Obama and Mr. Deans deposition, that may not be effectively and timely addressed by an available Judge or

Magistrate Judge of the District, during  the questioning of Obama and Mr. Dean, Chairman of the DNC

## E.  CONCLUSION

This Court should grant Plaintiff's request for extensive and expedited discovery including the Depositions of Barack Obama and Howard Dean and should allow focused discovery to begin immediately.

Respectfully submitted,

 s/  Philip J. Berg

Dated:  September 09, 2008

_____
Philip J. Berg, Esquire
Attorney in *Pro Se*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No.  09867
(610) 825-3134

## CERTIFICATE OF SERVICE


I, hereby certify that Plaintiff's Motion for Extensive and Expedited Discovery including the Depositions of Barack Obama and Howard Dean with the Appointment of a Special for the Depositions and Plaintiff's Memorandum Brief in support thereof were served by fax and United States Postal Servic , with postage fully prepaid this 9th day of September 2008 upon the following:

Barrack H. Obama
713 Hart Senate Office Building
Washington, D.C. 20510
Fax: (202) 228-4260

Democratic National Committee (DNC)
430 S. Capitol St. SE,
Washington DC 20003
Fax: (202) 863-8063

United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106
Fax: (215) 861-8609

Counsel for Defendant:      Federal Election Committee (FEC)


s/ Philip J. Berg
_____
PHILIP J. BERG, ESQUIRE
*Attorney for Plaintiff*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134