## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP J. BERG, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 2:08-cv-04083-RBS |
| : | |
| BARACK OBAMA, et al., : | |
| : | |
| Defendants : | |

## DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S
## AND DEFENDANT SENATOR BARACK OBAMA'S
## <u>MOTION TO DISMISS</u>

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendants Democratic National Committee and Senator Barack Obama respectfully move the Court for an order dismissing the Complaint on the grounds that this Court lacks subject-matter jurisdiction over the claim asserted and that the Complaint fails to state a claim upon which relief can be granted.

Pursuant to Local Rule 7.1, accompanying this Motion is a Brief in Support of Motion to Dismiss and a proposed Order.

Respectfully submitted,

Dated: September 24, 2008      /s/ John P. Lavelle, Jr.
John P. Lavelle, Jr.
Attorney I.D. PA 54279
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8603
(215) 864-9125 (Fax)
lavellej@ballardspahr.com

DMEAST #10118497 v3

Of Counsel:

Joseph E. Sandler
SANDLER REIFF & YOUNG PC
300 M Street, S.E. Suite 1102
Washington, D.C. 20003
Telephone: (202) 479-1111
Fax: (202) 479-1115
sandler@sandlerreiff.com

Robert F. Bauer
General Counsel, Obama for America
PERKINS COIE
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: 202.628.6600
Facsimile: 202.434.1690
RBauer@perkinscoie.com

**Attorneys for Defendants
Senator Barack Obama and the
Democratic National Committee**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 2:08-cv-04083-RBS |
| | : | |
| BARACK OBAMA, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |

**BRIEF OF DEFENDANT DEMOCRATIC NATIONAL COMMITTEE
AND DEFENDANT SENATOR BARACK OBAMA
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants Democratic National Committee and Senator Barack Obama submit this Brief in support of their Motion to Dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's allegations regarding Senator Obama are patently false, but even taking them as true for purposes of this Motion, plaintiff's suit must be dismissed immediately. This Court lacks subject matter jurisdiction because the plaintiff has no standing to challenge the qualifications of a candidate for President of the United States. Plaintiff fails to state a claim in any event because there is no federal cause of action asserted in the Complaint.

**I.**     <u>**Allegations of the Complaint**</u>

Plaintiff Berg alleges that he is a "Democratic American," Cmplt. ¶6, and that he is a "Democratic American Citizen." *Id*. ¶44. Mr. Berg then alleges that Barack Obama, the Democratic Party's nominee for President of the United States, is not eligible to serve

as President under Article II, section 1 of the Constitution because, Mr. Berg alleges (contrary to fact) that Senator Obama is not a natural-born citizen. *Id*. ¶3. Mr. Berg seeks a declaratory judgment that Senator Obama is ineligible to run for President; an injunction barring Senator Obama from running for that office; and an injunction barring the Democratic National Committee from nominating him.

## II. Discussion

### A. Standard of Review

In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court is to determine "whether the complaint alleges facts on its face which, if taken as true, would be sufficient to invoke the district court's jurisdiction." *FOCUS v. Allegheny County Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the elements of standing. *Id*. And in reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court "must accept all factual allegations in the complaint as true" but "is not, however, required to accept legal conclusions either alleged or inferred . . . ." *Washam v. Stesis*, 2008 U.S. Dist. LEXIS 50520 9 (E.D. Pa. 2008), *citing Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *see also Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65, 1968, 1974 (2007) (plaintiff must state a plausible claim for relief). Thus, although Mr. Berg's factual allegations about Senator Obama's citizenship are ridiculous and patently false, the Court must of course accept them as true for purposes of this Motion.

### B. The Court Lacks Subject-Matter Jurisdiction Because Plaintiff Has No Standing To Assert His Claim

"'[T]he rules of standing, whether as aspects of the Art. III case or controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention.'" *Penn. Prison Society v. Cortes*, 508 F.3d 156, 158 (3d Cir. 2007), *quoting Warth v. Seldin* 422 U.S. 490-517-18 (1975). In order to establish the "'irreducible constitutional minimum of standing' under Article III of the Constitution" plaintiff must show, first, an "'injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical.'" *Goode v. City of Philadelphia*, 539 F.3d 311, 2008 U.S. App. LEXIS 17153 *9-10 (3d Cir. 2008), *quoting Lujan v. Defenders of W*ildlife, 504 U.S. 555, 560 (1992).

In this case, Mr. Berg fails to allege any concrete, specific injury in fact to himself. He alleges that if Senator Obama is elected as President and then discovered to be ineligible, "plaintiff as well as other Democratic Americans will suffer Irreparable Harm including but not limited to: (1) Functional or Actual, Disenfranchisement of large numbers of Citizens, being members of the Democratic Party, who would have been deprived of the ability to choose a Nominee of their liking . . . ." Complt. ¶6. It is well-established, however, that a voter's loss of the ability to vote for a candidate "of their liking" does not confer standing because the actual injury is not to the voter but to the candidate. "[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate." *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 194 (2d Cir. 2001)(per curiam); *see*, to the same effect, *Becker v. Federal Election Comm'n*, 230 F.3d 381, 389-90 (1st Cir.

2000)(supporters of a candidate lacked standing to challenge exclusion of that candidate from Presidential debates); *Gottlieb v. Federal Election Comm'n*, 143 F.3d 618 (D.C. Cir. 1998)(supporter of a candidate had no standing to challenge dismissal of agency action against a competing candidate).

For that reason, a voter does not have standing to challenge the qualifications of a candidate for President of the United States. In *Jones v. Bush*, 122 F. Supp.2d 713 (N.D. Tex.), *aff'd w/o opinion*, 244 F.3d 134 (5th Cir. 2000), voters sued to challenge the qualifications of then-Gov. George W. Bush and Richard Cheney to be elected President and Vice-President of the U.S., respectively, on the grounds that they were both "inhabitants" of Texas in violation of the requirement of the Twelfth Amendment that the President and Vice President shall not be "inhabitants" of the same state. The Court dismissed the case on the ground that the plaintiffs lacked standing.

The Court found that plaintiffs' assertion that a violation of the Twelfth Amendment "will harm them by infringing their right to cast a meaningful vote . . . fails to satisfy the Article III requirement of a 'distinct and palpable injury.' . . . This type of injury is necessarily abstract and plaintiffs conspicuously fail to demonstrate how they, as opposed to the general voting population, will feel its effects." 122 F. Supp.2d at 717, *quoting Warth*, *supra*, 422 U.S. at 501. The Court also ruled that plaintiffs lacked standing based on harm to non-defendant candidates, recognizing that none of the cases "established standing for voters to vindicate the interests of candidates for public office." *Id*. "Because plaintiffs have failed to demonstrate a specific and individualized injury from the pending alleged violation of the Twelfth Amendment and are unable to show

personal injury through harm done to non-defendant candidates, the court holds that they do not have standing under Article III to bring this suit." *Id*. at 717-18.

More recently, in *Hollander v. McCain*, 2008 U.S. Dist. LEXIS 56729 (D.N.H. 2008), a voter sued Senator John McCain and the Republican National Committee, alleging that, because Senator McCain was born in the Panama Canal Zone, he is not a "natural born citizen" and is therefore ineligible to hold the office of President. The Court granted defendants' motion to dismiss on the grounds that plaintiffs lacked standing. The Court ruled that the plaintiff "does not have standing based on the harm he would suffer should McCain be elected President despite his alleged lack of eligibility under Art. II, §1, cl. 4. That harm, 'standing alone, would adversely affect only the generalized interest of all citizens in constitutional governance.'" 2008 U.S. Dist. LEXIS at *12, *quoting Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974).

Like Mr. Berg, the plaintiff in *Hollander* also contended that he would be disenfranchised if he voted for Senator McCain in the general election and Senator McCain were subsequently removed due to lack of ineligibility. This theory, the Court held, "does not establish [plaintiff's] standing because it does not 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct,' . . . but to the conduct of those—whoever they might turn out to be—responsible for ultimately ousting McCain from office. Indeed, McCain and the RNC are trying to achieve the opposite." *Id*. at *18, *quoting Allen v. Wright*, 468 U.S. 737, 751 (1984). The court concluded that: "This is not to demean the sincerity of Hollander's challenge to McCain's eligibility for the

presidency; . . . What is settled, however, is that an individual voter like Hollander lacks standing to raise that challenge in the federal courts." *Id*. at *21.

Like the plaintiffs in *Jones* and *Hollander*, Mr. Berg manifestly lacks standing to assert his claim regarding the eligibility of Senator Obama to serve as President. Accordingly, this Court has no subject matter jurisdiction over that claim.

### C. The Complaint Fails to State a Claim Upon Which Relief Can be Granted

In any event, the Complaint fails to state a claim upon which relief can be granted because it fails to establish a cause of action. Mr. Berg cites the Declaratory Judgment Act, 28 U.S.C. §2201, Cmplt. ¶8, but that Act "has only a procedural effect. Although it enlarges the range of remedies available in federal courts, it does not create subject matter jurisdiction. Thus, a court must find an independent basis for jurisdiction . . . ." *Mack Trucks, Inc., v. Int'l Union, UAW*, 856 F.2d 579, 583 (3d Cir. 1988). Mr. Berg also claims that the case "presents a federal question within this Court's jurisdiction under Article II of the Constitution." Cmplt. ¶7. There is no federal cause of action under or created by Article II of the Constitution, however. *See, e.g., Catholic Charities CYO v. Chertoff*, 2007 U.S. Dist. LEXIS 62732 (N.D. Cal. 2007).

For these reasons, the Complaint fails to state a claim upon which relief can be granted.

# CONCLUSION

For the reasons set forth above, defendants Democratic National Committee and Senator Obama's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim should be granted.

                                                        Respectfully submitted,


Dated: September 24, 2008              /s/ John P. Lavelle, Jr.
                                       John P. Lavelle, Jr.
                                       Attorney I.D. PA 54279
                                       BALLARD SPAHR ANDREWS &
                                       INGERSOLL, LLP
                                       1735 Market Street, 51st Floor
                                       Philadelphia, PA 19103
                                       (215) 864-8603
                                       (215) 864-9125 (Fax)
                                       lavellej@ballardspahr.com

Of Counsel:

Joseph E. Sandler
SANDLER REIFF & YOUNG PC
300 M Street, S.E. Suite 1102
Washington, D.C. 20003
Telephone: (202) 479-1111
Fax: (202) 479-1115
sandler@sandlerreiff.com

Robert F. Bauer
General Counsel, Obama for America
PERKINS COIE
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: 202.628.6600
Facsimile: 202.434.1690
RBauer@perkinscoie.com

                                       **Attorneys for Defendants**
                                       **Senator Barack Obama and the**
                                       **Democratic National Committee**

# CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **Defendant Democratic National Committee's and Defendant Senator Barack Obama's Motion to Dismiss** was served by First Class U.S. Mail, postage prepaid, upon the following:

>Philip J. Berg, Esquire
>555 Andorra Glen Court, Suite 12
>Lafayette Hill, PA  09867
>
>Plaintiff

Dated: September 24, 2008          /s/  John P. Lavelle, Jr.
                                   John P. Lavelle, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP J. BERG, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 2:08-cv-04083-RBS |
| : | |
| BARACK OBAMA, et al., : | |
| : | |
| Defendants : | |
| : | |

**ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant Democratic National Committee's and Defendant Senator Barack Obama's Motion to Dismiss, it is hereby ORDERED that said Motion is GRANTED.

_____
J.