# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| *Plaintiff* | : | |
| *vs.* | : | CIVIL ACTION NO. 08-cv-04083-RBS |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA, a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| *Defendants* | : | |

## ORDER

**AND NOW** this _____ day of October, 2008, upon consideration of Defendants,
Barack H. Obama and the Democratic National Committee's Motion for a Protective
Order and Stay Pending the Decision on Defendants Dispositive Motion and Plaintiff's
Response in Opposition thereto, it is hereby

**ORDERED** and **DECREED** as follows:

1.  Defendants Motion for  Protective Order Staying Discovery
    pending the Court's Decision on Defendants dispositive Motion is
    **DENIED**;

2.  Defendants are hereby **ORDERED** to Answer Plaintiff's
    Discovery Requests by way of Admissions and Request for
    Production of Documents by October 15, 2008.


**IT IS SO ORDERED**

**BY THE COURT:**

_____
R. Barclay Surrick, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| *Plaintiff* | : | |
| *vs.* | : | CIVIL ACTION NO. 2:08-cv-04083-RBS |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA, a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| *Defendants* | : | |

## ORDER

**AND NOW** this _____day of October, 2008, upon consideration of Defendants, Barack H. Obama and the Democratic National Committee's  Motion for a Protective Order and Stay pending the Decision on Defendants Dispositive Motion and Plaintiff's Response in Opposition thereto, it is hereby

**ORDERED** and **DECREED** as follows:

1. Defendants Motion for  Protective Order Staying Discovery pending the Court's Decision on Defendants dispositive Motion is **DENIED in part and GRANTED in part**;

2. Pending the Decision on the Defendants, Barack H. Obama and the Democratic National Committee's Motion to Dismiss, discovery is stayed except for the following:

Defendants, Barack H. Obama and the Democratic National Committee are

**ORDERED** to turn over the following documents by October 15, 2008:

1. A certified copy of Obama's "vault" (original long version) birth certificate;

2.  Certified copies of all reissued and sealed birth certificates of Obama in the names referred to in the caption of this lawsuit;

3.  A certified copy of Obama's Certification of Citizenship;

4.  A certified copy of Obama's Oath of Allegiance taken upon age of majority;

5.  Certified copies of Obama's Application and Admission forms for Occidental College, Columbia University and Harvard Law School; and

6.  Certified copies of any Court Orders or legal documents changing Obama's name from Barry Soetoro to Barack Hussein Obama.

Defendant, Barack Hussein Obama is **ORDERED** to serve upon Plaintiff Answers to the following Request for Admissions by October 15, 2008:

**Admissions, Request No. 1.**      Admit you were born in Kenya.

**Admissions, Request No. 2.**      Admit you are a Kenya "natural born" citizen.

**Admissions, Request No. 3.**      Admit your foreign birth was registered in the State of Hawaii.

**Admissions, Request No. 4.**      Admit your name was legally changed to Barry Soetoro and citizenship status was changed to "natural citizen" of Indonesia.

**Admissions, Request No. 5.**      Admit you were adopted by Lolo Soetoro, M.A. a citizen of Indonesia.

**Admissions, Request No. 6.**      Admit Lolo Soetoro, M.A. a citizen of Indonesia. Signed a Government "Acknowledgement" form legally acknowledging you as his son.

**Admissions, Request No. 7.**      Admit you are an Indonesian citizen.

**Admissions, Request No. 8.**      Admit you are currently not a "natural born" United States citizen.

| | |
|---|---|
| **Admissions, Request No. 9.** | Admit you are not eligible to serve as the President of the United States pursuant to Article II, Section I of the United States Constitution. |
| **Admission, Request No. 10.** | Admit you are unable to prove your citizenship status. |

Defendant, the Democratic National Committee is **ORDERED** to serve upon

Plaintiff Answers to the following Request for Admissions by October 15, 2008:

| | |
|---|---|
| **Admissions, Request No. 1.** | Admit you have not verified Barrack Hussein Obama's eligibility to serve as President of the United States. |
| **Admissions, Request No. 2.** | Admit Barrack Hussein Obama was born in Kenya. |
| **Admissions, Request No. 3.** | Admit Barack Hussein Obama's citizenship status was changed to a "natural" citizen of Indonesia when his stepfather, Lolo Soetoro, M.A. legally "acknowledged" Obama as his son. |
| **Admissions, Request No. 4.** | Admit Barack Hussein Obama's name was legally changed to Barry Soetoro, an Indonesian citizen. |
| **Admissions, Request No. 5.** | Admit Barrack Hussein Obama is not a "natural born" United States citizen. |
| **Admissions, Request No. 6:** | Admit you have not inquired into Barrack Hussein Obama's citizenship status. |
| **Admissions, Request No. 7.** | Admit the United States Constitution does not allow for a Person to hold the Office of President of the United States unless that person is a "natural born" United States citizen. |
| **Admissions, Request No. 8.** | Admit you collected donations on behalf of Barack Hussein Obama for his Presidential campaign. |
| **Admissions, Request No. 9.** | Admit the DNC has promised Plaintiff and all American citizens that the DNC will ensure Open and Honest Government and uphold the United States Constitution to protect the United States citizens. |

**Admissions, Request No. 10.**     Admit Barack Hussein Obama is not a legal citizen
of the United States.

**IT IS SO ORDERED**

**BY THE COURT:**

_____

R. Barclay Surrick, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| *Plaintiff* | : | |
| | : | |
| *vs.* | : | CIVIL ACTION NO. 08-cv-04083-RBS |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA , a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| *Defendants* | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANTS BARACK H. OBAMA AND THE DEMOCRATIC
### NATIONAL COMMITTEE'S MOTION FOR A PROTECTIVE ORDER
### STAYING DISCOVERY PENDING DECISION ON DISPOSITVE MOTION

Plaintiff, Philip J. Berg, Esquire [hereinafter "Plaintiff"] files the within Response in Opposition to Defendants, Barack H. Obama [hereinafter "Obama"] and the Democratic National Committee [hereinafter "DNC'] Motion for Protective Order Staying Discovery Pending Decision on Defendants Dispositive Motion on the following grounds:

1.   Defendants' pending Motion to Dismiss does not entitle them to a Protective Order under Federal Rule of Civil Procedure 26(c) [hereinafter F.R.C.P. 26(c];

2.   Defendants have failed to show "good cause" and are therefore not entitled to a protective order under F.R.C.P. 26(c);

3. Defendants have not pointed to any legitimate privacy concerns. Defendants have failed to point out any substantiated specific examples demonstrating that disclosure will cause a defined and serious injury;

4. Plaintiff does not seek access to the requested information for any improper purpose;

5. Defendants have not shown any risk that particularly serious embarrassment will result from the requested documents;

6. The requested information is extremely important for public safety; and "Good Cause" requires a particular need for the protection sought;

7. The sharing of information will promote fairness and efficiency so as not to delay this action;

8. Barack Obama, as U.S. Senator of Illinois and the Democratic Nominee for President of the United States, is a public person, and his citizenship status is a matter of significant public concern and is subject to legitimate public scrutiny. The Democratic National Committee is a public entity and is also subject to public scrutiny; and

9. The public interest in access to the requested information under the Freedom of Information Act *5 U.S.C. § 552* is a strong factor in favor of not granting a protective order which would prevent disclosure of such information.

For the above aforementioned reason's Plaintiff respectfully requests the Defendants, Obama and the DNC's Motion for Protective Order pending Decision on Defendants Dispositive Motion.

Respectfully submitted,

s/ Philip J. Berg

Dated: October 9, 2008

_____

Philip J. Berg, Esquire
Attorney in *Pro Se*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2351
Identification No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. BERG, ESQUIRE, | : | |
| *Plaintiff* | : | |
| | : | |
| *vs.* | : | CIVIL ACTION NO. 08-cv-04083-RBS |
| | : | |
| BARACK HUSSEIN OBAMA, a/k/a | : | |
| BARRY SOETORO, a/k/a | : | |
| BARRY OBAMA , a/k/a | : | JURY TRIAL DEMANDED |
| BARACK DUNHAM, a/k/a | : | |
| BARRY DUNHAM, THE | : | |
| DEMOCRATIC NATIONAL | : | |
| COMMITTEE, THE FEDERAL | : | |
| ELECTION COMMISSION AND | : | |
| DOES 1-50 INCLUSIVE, | : | |
| *Defendants* | : | |

### PLAINTIFF, PHILIP J. BERG, ESQUIRE'S,
### BRIEF IN SUPPORT
### OF HIS RESPONSE IN OPPOSITION TO DEFENDANTS
### BARACK H. OBAMA AND THE DEMOCRATIC NATIONAL COMMITTEE'S
### MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING
### <u>DECISION ON DISPOSITVE MOTION</u>

## A.   <u>STATEMENT OF THE CASE</u>

There are unanswered questions regarding Barack Obama's eligibility to run for President of the United States.  It has <u>not</u> been shown that Obama meets the requirement under the United States Constitution Section I, Article II, that he be a "natural born" citizen.  It appears that from extensive investigation that Obama is not even a "naturalized" citizen and is actually a citizen of Indonesia, thus he is ineligible to serve as the United States President.

Through extensive investigation Plaintiff learned Obama was born at Coast Hospital in Mombasa, Kenya located in Coast Province. Obama's father was a Kenya citizen and Obama's mother a U.S. citizen who was not old enough to register Obama's birth in Hawaii as a "natural born" United States citizen. The laws on the books at the time of Obama's birth required the U.S. citizen parent to have resided in the Untied States for ten (10) years, five (5) of which were after the age of fourteen (14). Obama's mother was only eighteen (18) years old when Obama was born in Kenya. Nationality Act of 1940, revised June 1952, *United States of America v. Cervantes-Nava*, 281 F.3d 501 (2002), *Drozd v. I.N.S.*, 155 F.3d 81, 85-88 (2d Cir.1998).

In response to all the requests for Obama to produce proof of his citizenship, Obama allowed the Daily Kos to post on their website www.dailykos.com. an image of a Certification of Live Birth with Obama's name on it purporting to be Obama's birth certificate. This same image was also placed on Obama's website, http://fightthesmears.com and on another website located at http://factcheck.org. The image placed on these websites is of a Hawaiian document which is provided for children's births in Hawaii as "natural born", as well as births abroad, which have been registered in Hawaii, whether the citizenship status was "natural born" or "naturalized." Thus, the image did not prove Obama's citizenship status as a "natural born" United States Citizen. The images placed on these three (3) websites were later discovered by Independent Graphic Specialists to be altered and forged images.

Plaintiff filed suit on August 21, 2008 seeking proof of Obama's citizenship Status. Defendants, Obama and the DNC's, Answers were due on or before September 24, 2008.

After Plaintiff filed suit, it was discovered through investigation that Obama's mother married an Indonesian citizen, Lolo Soetoro, who either signed a government form legally "acknowledging" Obama as his son or "adopted" Obama, either of which changed Obama's status to a "natural" citizen of Indonesia. Obama was registered in school as an Indonesian citizen by the name of Barry Soetoro and his father was listed as Lolo Soetoro, M.A. There was no other way for Obama to have attended school in Jakarta, Indonesia as Indonesia was under tight rule and was a Police State. Indonesia did not allow foreign students to attend their public schools and any time a child was registered for a public school, his or her name and citizenship status were verified through the Indonesian Government.

Plaintiff filed a Motion on September 9, 2008 for Expedited Discovery, Extensive Discovery, Deposition of Obama and Howard Dean, the DNC Chairman and a request for the appointment of a Special Master to be present during the Depositions. Defendants failed to respond to Plaintiff's Discovery Motion, which is still pending before this Honorable Court.

On September 15, 2008, Plaintiff served Discovery by way of Request for Admissions and Request for Production of Documents on Defendants Obama and the DNC.

Instead of filing an Answer, Defendants, Obama and the DNC filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), claiming Plaintiff did not have standing and failure to state a claim which relief can be granted. Plaintiff filed his Opposition and Brief to the Defendants Motion to Dismiss on September 29, 2008.

Plaintiff also filed a Motion for Leave to file an Amended Complaint and attached his First Amended Complaint as **Exhibit "A"** on October 6, 2008, document number fourteen (14) on the docket.

On the afternoon of October 6, 2008, Plaintiff received a call from John P. Lavelle, Jr., counsel for the DNC and Obama. Mr. Lavelle requested a Stay of Discovery pending this Honorable Court's decision on Defendants Motion to Dismiss currently pending. Plaintiff declined his request. Mr. Lavelle stated he would be filing a Motion for a Protective Order Staying Discovery pending a decision on the Defendants Motion to Dismiss. Thereafter, Plaintiff was served via the ECF electronic filing system with Defendants Motion for a Protective Order that was filed with this Court as document number fifteen (15).

It is imperative to immediately obtain the proper documentation to verify and confirm Defendant Obama's eligibility or lack thereof, to serve as President of the United States. If Obama is found to be ineligible to serve as President of the United States, it is imperative to have his name removed from the ballot and remove his nomination urgently to afford Plaintiff and the citizens of the United States to have a properly vetted and qualified Democratic candidate for which to cast their votes.

Plaintiff and Citizens of the United States should never be left with questions regarding the eligibility or ineligibility of any Presidential candidate. If these issues are not dealt with urgently we are at grave risk of a United States Constitutional Crisis.

Defendants will not be prejudiced if Ordered to comply with the discovery. Moreover, if Obama can prove he is currently a U.S. "natural born" citizen and that he is

in fact eligible to serve as President of the United States then Obama and the other Defendants would benefit as they would be able to put the citizenship issues to rest.


**B.     A PENDING MOTION TO DISMISS IS NOT A GENERAL SITUATION THAT BY ITSELF WOULD WARRANT A STAY OF DISCOVERY**

Defendants' pending Motion to Dismiss does not entitle them to a Protective Order under F.R.C.P. 26(c). *Keystone Coke Co. v. Pasquale*, No. 97-6074, 1999 U.S. Dist. LEXIS 170 (E.D. Pa. Jan 7, 1999); *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at *6 (E.D. Pa Mar 9, 1993); *People With Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179 at *1 1991 WL 221179 (D.D.C. 1991). Defendants contend that discovery should be stopped because they have filed a Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted pursuant to F.R.C.P. 12(b)(6), and baldly asserts that this suit will be dismissed on the ground that Plaintiff does not have standing pursuant to F.R.C.P. 12(b)(1) to question the qualifications of the Democratic candidate for President of the United States. It is well established that a Court should not automatically stay discovery when there is a pending motion to dismiss. *Keystone Coke Co. v. Pasquale*, No. 97-6074, 1999 U.S. Dist. LEXIS 170 (E.D. Pa. Jan 7, 1999); *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at *6 (E.D. Pa Mar 9, 1993); *People With Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179 at *1 1991 WL 221179 (D.D.C. 1991). Further, it will be proven that Plaintiff clearly has standing under the statutes enumerated in Plaintiff's Opposition to the Defendant's Motion to Dismiss incorporated by reference herein. Defendants' bald unsubstantiated assertions do not justify entry of a protective order. *See, .People With Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179 at *1 1991 WL 221179 (D.D.C. 1991), which states in pertinent part,

> "defendant makes a bald assertion that its motion to dismiss will be granted. These are mere assertions that have not been substantiated by

defendant. However, 'bare assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally'", *Id., citing* **[ ]**.

Therefore, Defendants' Motion for a Protective Order Staying Discovery Pending Decision on Dispositive Motion should be denied.

## C. DEFENDANTS HAVE FAILED TO SHOW "GOOD CAUSE" AND ARE THEREFORE NOT ENTITLED TO A PROTECTIVE ORDER UNDER F.R.C.P. 26(c).

This Court should not grant a stay on discovery materials because Defendants have not shown "good cause" so as to warrant a protective order. The Federal Rules of Civil Procedure, Rule 26(c), requires that a party seeking a protective order over discovery materials must demonstrate that "good cause" exists for the protection of that material. *Shingara v. Skiles,* 420 F.2d 301, 305 (3d Cir. 2005), *affirmed by, Shingara v. Skiles,* 274 Fed. Appx. 164, 2008 U.S. App. LEXIS 8411 (3d Cir. 2008); *Glenmede Trust Co. v. Thompson*, 56 F.3d at 483 (3d Cir.1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

The Third Circuit Court of Appeals has held that "good cause" exists "when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury" based on the following seven-factor test (hereinafter the "*Pansy* test"). *Id.*

1)   Whether disclosure will violate any privacy interests;

2)   Whether the information is sought for a legitimate purpose or for an improper purpose;

3)   Whether disclosure of the information will cause a party embarrassment;

4) Whether confidentiality is sought over information important to public health and safety;

5) Whether sharing information among the litigants will promote fairness and efficiency;

6) Whether a party who would benefit from the order of confidentiality is a public entity or official; and

7) Whether the case involves issues important to the public.

*Shingara,* at 306; *Glenmede Trust Co.,* at 483; and *Pansy,* 23 F.3d at 786.  A protective order is not warranted because Defendants have failed to show "good cause", any "clearly defined and serious injury", and there is no demonstration that any of the above factors favor issuance of a protective order.

Defendants have not demonstrated that the first factor of the *Pansy* test applies because they fail to point to any legitimate privacy concern.  Obama waived any privacy and/or confidentiality concern with regard to his birth certificate when he allowed a document purporting to be "his" Certification of Live birth on the internet at three (3) different websites.  Obama also wrote in his book *"Dreams from my father"* about his Indonesian life and therefore waived any privacy and/or confidentiality issues with regard to his citizenship status in Indonesia.  In addition, in interviews with newspapers and news stations, Obama openly talked about his trip to Pakistan, India and Indonesia, and waived any privacy and/or confidentiality concern with respect to that trip.  Therefore, Defendants have failed to demonstrate that the first factor of the Pansy test favors a protective order.

Plaintiff does not seek access to the requested information for any improper purpose, but rather to protect Plaintiff and the citizens of the United States.  Therefore, the application of the second factor in the *Pansy* test does not warrant a protective order.

Defendants do not allege that disclosure of the requested information will cause any embarrassment. Therefore, the application of the third factor in the _Pansy_ test does not warrant a protective order.

Plaintiff seeks information that is extremely important to public safety. Allowing Obama to hide his citizenship status is extremely detrimental to public safety. If Obama is not able to prove he is currently a "natural born" citizen and he is elected as the President of the United States, he is violating our United States Constitution and we are at serious risk of a Constitutional Crisis. Furthermore, if Obama is sworn into the United States Office of the Presidency, neither Plaintiff nor the general public will have the right to bring suit for redress as a result of all the immunities the President of the United States carries, thus Plaintiff and all the general public will be further harmed as they will be forced to live with the grave consequences. Therefore, the fourth factor in the _Pansy_ test strongly weighs in favor of not issuing the protective order.

Proving Obama's citizenship status prior to the Presidential elections, which is less than a month away, is imperative. Disclosing information relating to Obama's citizenship status will promote fairness and efficiency in this action. Therefore, the fifth factor in _Pansy_ test clearly weighs in favor of not issuing the protective order.

The last two factors in the _Pansy_ test clearly weigh against the protective order. The parties benefiting from the protective order are Barack Obama, who is a public official as U.S. Senator of Illinois and the Democratic Nominee for President of the United States, and the Democratic National Committee, which is a public entity. And this case certainly "involves issues important to the public." The public interest in access to the requested information under the Freedom of Information Act _5 U.S.C. § 552_ is a

strong factor in favor of not granting a protective order which would prevent disclosure of such information. (See *Pansy,* where the Court stated that "where it is likely that information is accessible under a relevant freedom of information law, a strong presumption exists against granting or maintaining an order of confidentiality.") Id. at 791.


**D.    CONCLUSION**

Defendants' pending motion to dismiss does not entitle them to a protective order under F.R.C.P. 26(c) and Defendants have failed to make a showing of good cause for the requested protective order. Therefore, Plaintiff requests that the Defendants' Motion for a Protective Order Staying Discovery Pending Decision on Dispositive Motion be denied.

In the Alternative, Plaintiff requests an Order granting Defendants Motion for a Protective Order in Part and Denying Defendants Motion for a Protective Order in part and Order the Defendants to turn over the following documents and Answer the following Admissions by October 15, 2008:

1.    A certified copy of Obama's "vault" (original long version) birth certificate;

2.    Certified copies of all reissued and sealed birth certificates of Obama in the names referred to in the caption of this lawsuit;

3.    A certified copy of Obama's Certification of Citizenship;

4.    A certified copy of Obama's Oath of Allegiance taken upon age of majority;

5.    Certified copies of Obama's Application and Admission forms for Occidental College, Columbia University and Harvard Law School; and

6.     Certified copies of any Court Orders or legal documents changing Obama's name from Barry Soetoro to Barack Hussein Obama.

Plaintiff requests the Court to Order Obama to Serve upon Plaintiff Answers to the following Admissions by October 15, 2008:

**Admissions, Request No. 1.**     Admit you were born in Kenya.

**Admissions, Request No. 2.**     Admit you are a Kenya "natural born" citizen.

**Admissions, Request No. 3.**     Admit your foreign birth was registered in the State of Hawaii.

**Admissions, Request No. 4.**     Admit your name was legally changed to Barry Soetoro and citizenship status was changed to "natural" citizen of Indonesia.

**Admissions, Request No. 5.**     Admit you were adopted by Lolo Soetoro, M.A. a citizen of Indonesia.

**Admissions, Request No. 6.**     Admit Lolo Soetoro, M.A. a citizen of Indonesia. Signed a Government "Acknowledgement" form legally acknowledging you as his son.

**Admissions, Request No. 7.**     Admit you are an Indonesian citizen.

**Admissions, Request No. 8.**     Admit you are currently not a "natural born" United States citizen.

**Admissions, Request No. 9.**     Admit you are not eligible to serve as the President of the United States pursuant to Article II, Section I of the United States Constitution.

**Admission, Request No. 10.**     Admit you are unable to prove your citizenship status.

Plaintiff requests the Court to Order the DNC to Serve upon Plaintiff Answers to the following Admissions by October 15, 2008:

**Admissions, Request No. 1.**  Admit you have not verified Barrack Hussein Obama's eligibility to serve as President of the United States.

**Admissions, Request No. 2.**  Admit Barrack Hussein Obama was born in Kenya.

**Admissions, Request No. 3.**  Admit Barack Hussein Obama's citizenship status was changed to a "natural" citizen of Indonesia when his stepfather, Lolo Soetoro, M.A. legally "acknowledged" Obama as his son.

**Admissions, Request No. 4.**  Admit Barack Hussein Obama's name was legally changed to Barry Soetoro, an Indonesian citizen.

**Admissions, Request No. 5.**  Admit Barrack Hussein Obama is not currently a "natural born" United States citizen.

**Admissions, Request No. 6:**  Admit you have not inquired into Barrack Hussein Obama's citizenship status.

**Admissions, Request No. 7.**  Admit the United States Constitution does not allow for a Person to hold the office of President of the United States unless that person is a "natural born" United States citizen.

**Admissions, Request No. 8.**  Admit you collected donations on behalf of Barack Hussein Obama for his Presidential campaign.

**Admissions, Request No. 9.**  Admit the DNC has promised Plaintiff and all American citizens that the DNC will ensure Open and Honest Government and uphold the United States Constitution to protect the United States citizens..

**Admissions, Request No. 10.**  Admit Barack Hussein Obama is not a legal citizen of the United States.

Plaintiff has prepared two (2) separate "Proposed" Orders, one representing the Denial of Defendants Motion for Protective Order pending decision of dispositive Motion and in the alternative, a separate "proposed" order Granting in part and denying in part Ordering Defendants to turn over specific documents and Answer specific Requests for Admissions as stated above.

Respectfully submitted,


Dated: October 9, 2008

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
Attorney in *Pro Se*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134

<u>**CERTIFICATE OF SERVICE**</u>

       I, Philip J. Berg, Esquire, hereby certify that Plaintiff's Response and Brief in Opposition to Defendants Barack Hussein Obama and the Democratic National Committee's Motion for a Protective Order Staying Discovery pending Decision on Defendants Motion to Dismiss was served via electronic filing on the ECF System, this 9th day of October 2008 upon the following:

John P. Lavelle, Jr., Esquire
Attorney I.D. PA 54279
**BALLARD SPAHR ANDREWS &**
   **INGERSOLL, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8603
(215) 864-9125 (Fax)
lavellej@ballardspahr.com

Joseph E. Sandler, Esquire
**SANDLER REIFF & YOUNG PC**
300 M Street, S.E. Suite 1102
Washington, D.C. 20003
Telephone: (202) 479-1111
Fax: (202) 479-1115
sandler@sandlerreiff.com

Robert F. Bauer, Esquire
General Counsel, Obama for America
**PERKINS COIE**
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: (202) 628-6600
Facsimile: (202) 434-1690      Attorney's for Defendant's
RBauer@perkinscoie.com       Barack Hussein Obama and
                                      The Democratic National Committee

The Federal Election Commission (FEC)
999 E. Street, NW
Washington, D.C. 20463                    in pro se
Served via regular mail postage fully prepaid


                                          s/  Philip J. Berg

Dated:  October 9, 2008
                                          _____
                                          Philip J. Berg, Esquire
                                          Attorney in pro se