# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Office of the Clerk of Court *Fax: (215) 597-6390 - Fax: (610) 434-6174* Michael E. Kunz, Clerk of Court James A. Byrne
USCourthouse

# FILED

OCT 1 5 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

PHILIP J. BERG,                                    )
Plaintiff                                          )
And OTHERS                                         )
                                                   )
v.                                                 )     No. 2:08-cv-04083-RBS
                                                   )
                                                   )
BARACK OBAMA, et al.,                              )
                                                   )
Defendants :                                       )

### US Citizen/ Voter Judson Witham's Application and Notice of Motion
### to
### INTERVENE as a Matter Of Right FRCP 24

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, movant seeks intervention of right as a US Citizen and VOTER in this action, **AS A MEMBER OF THE VOTING PUBLIC** WITH STANDING TO KNOW the FACTS as they are applicable to this case, Witham's and all other Voters in the National Presidential Elections HAVE A PUBLIC'S RIGHT TO KNOW " **The Legal Citizenship of ANY CANIDATE"** whether it be John F. Kennedy, George Washington , Mickey Mouse, John McCain or Barrack Obama is a matter OF THE HIGHEST IMPORTANCE to the INTEGRITY of the US Elections System and ALL VOTING CITIZENS of the United States HAVE A PARAMOUNT RIGHT to know said FACTS as they relate to this and all other CANIDATES is a QUESTION ARISES on the ACTUAL place of birth, place of residency or even the LEGAL AGE of any said candidates when matters of ELECTION INTEGRITYarise.. **Witham would assert all JURISDICTIONAL and VENUE claims made by Counsel are agreed to AT THIS TIME and would Argue that ALL Questions about the NATURE of the Upcoming NATIONAL Presidential Elections are properly before this District Court.**

1.   **Witham in order to assert his right as a Citizen to KNOW . Movant has an unconditional right to intervene under his claims an interests which is the subject of this action and is so situated that the disposition of this action**

1

Dockets.Justia.com

may as a practical matter impair or impede movant's interest which is not adequately represented by any other party).

See SEE **Wright Miller Kane 3ʳᵈ (2007) at Sec 1921 and Wright Miller Kane 3ʳᵈ (2007) Sec. 1922 pgs 630 -632.**

2.  *It is obvious that no limitation on constitutional procedural Due Process rights and historic equitable rights will be permitted,* in intervention under Rule 24(a)(2).

http://www.law.cornell.edu/rules/frcp/ACRule24.htm

http://www.law.com/jsp/decisionstate.jsp?id=1191575000063

http://caselaw.lp.findlaw.com/scripts/getcase.pl?navby=case&court=us&vol=414&page=538

First, intervention is designed to permit non-parties to be able to <u>litigate</u> the underlying case.

3.  **Thus, potential intervenors file "complaints in intervention," setting out the claims that they wish to litigate against the defendant which they believe are not being adequately advanced by the named plaintiffs.**

http://www.citizen.org/litigation/briefs/class_action/articles.cfm?ID=6652

http://www.oscn.net/applications/oscn/deliverdocument.asp?citeid=407310

http://www.nae.net/militarypdf/NAE%20Motion%20to%20Intervene.pdf

http://vls.law.vill.edu/locator/3d/May1994/94a0719p.txt

4.  The right to intervene hinges on whether the applicant has a protectable interest at risk. In this case ALL VOTERS who might cast a Vote for CANIDATE BARRACK OBAMA have an INVIOLATE RIGHT to know the Citizenship Status of whom they might vote to PROTECT their VOTING RIGHTS as well as the INTEGRITY and VIRTUE of the American Elections Process. NO CANIDATE no not even John McCain or any other Citizen who

2

might seek public office NOW or in the future should be allowed to be placed upon any BALLOT or VOTER REGISTRY unless said can SATISFY the CREDENTIALS PROCESS and PROVE their Lawful Right to be a CANIDATE.

5.   ANY denial of a motion to intervene as is being filed herein would be a final, appealable order. See McKay v. Heyison, 614 F.2d 899, 903 (3d Cir. 1980); Pennsylvania v. Rizzo, 530 F.2d 501, 504 (3d Cir.), cert. denied, sub nom. Fire Officers Union v. Pennsylvania, 426 U.S. 921 (1976).

6.   It is your intervenor's sole intent to see to it that the LAWFUL status of the Candidates in the upcoming Presidential Elections are safeguarded against UNWARRANTED ATTACKS upon the Candidates and to see to it that ONLY THOSE ACTUALLY ELIGIBLE TO RUN in the National and Local Elections are permitted to do so under Law.

7.   Rule 24 (a)(3) as amended in 1948 provided for intervention of right where the applicant established that he would be adversely affected by the outcome of the action. See Formulabs, Inc. v. Hartley Pen Co., 275 F.2d 52 (9th Cir. 1960). This development was quite natural, for Rule 24 (a)(3) was unduly restricted. If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene, and his right to do so should not depend on whether there is a fund to be distributed or otherwise disposed of. Intervention of right is here seen to be a kind of counterpart to Rule 19 (a)(2)(i) on joinder of persons needed for a just adjudication: **where, upon motion of a party in an action, an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action,** he ought to have a right to intervene in the action on his own motion. See Louisell & Hazard, Pleading and Procedure: State and Federal 749–50 (1962).

8.   The general purpose of original Rule 24 (a)(2) was to entitle an absentee, purportedly represented by a party, to intervene in the action if he could establish with fair probability that the ▪▪▪▪▪▪▪▪▪▪▪▪▪ ▪▪▪▪ ▪▪▪▪▪▪▪▪▪▪. Thus, where an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene if he can show that the trustee's representation of his interest probably is inadequate; similarly a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.

9.   Original Rule 24 (a)(2), however, made it a condition of intervention that "the applicant is or may be bound by a judgment in the action," and this created difficulties with intervention in class actions. If the "bound" language was read literally in the sense of res judicata, it could defeat

3

intervention in some meritorious cases. A member of a class to whom a judgment in a class action extended by its terms (see Rule 23 (c)(3), as amended) might be entitled to show in a later action, when the judgment in the class action was claimed to operate as res judicata against him, that the "representative" in the class action had not in fact adequately represented him. If he could make this showing, the class-action judgment might be held not to bind him. See Hansberry v. Lee, 311 U.S. 32 (1940). If a class member sought to intervene in the class action proper, while it was still pending, on grounds of inadequacy of representation, he could be met with the argument: if the representation was in fact inadequate, he would not be "bound" by the judgment when it was subsequently asserted against him as res judicata, hence he was not entitled to intervene; if the representation was in fact adequate, there was no occasion or ground for intervention. See Sam Fox Publishing Co. v. United States, 366 U.S. 683 (1961); cf. Sutphen Estates, Inc. v. United States, 342 U.S. 19 (1951). This reasoning might be linguistically justified by original Rule 24 (a)(2); but it could lead to poor results. Compare the discussion in International M. & I. Corp. v. Von Clemm, 301 F.2d 857 (2d Cir. 1962); Atlantic Refining Co. v. Standard Oil Co., 304 F.2d 387 (D.C.Cir. 1962). A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.

10. The amendment provides that an applicant is entitled to intervene in an action when his position is comparable to that of a person under Rule 19 (a)(2)(i), as amended, unless his interest is already adequately represented in the action by existing parties. The Rule 19 (a)(2)(i) criterion imports practical considerations, and the deletion of the "bound" language similarly frees the rule from undue preoccupation with strict considerations of res judicata.

11. The representation whose adequacy comes into question under the amended rule is not confined to formal representation like that provided by a trustee for his beneficiary or a representative party in a class action for a member of the class. A party to an action may provide practical representation to the absentee seeking intervention although no such formal relationship exists between them, and the adequacy of this practical representation will then have to be weighed. See International M. & I. Corp. v. Von Clemm, and Atlantic Refining Co. v. Standard Oil Co., both supra; Wolpe v. Poretsky, 144 F.2d 505 (D.C.Cir. 1944), cert. denied, 323 U.S. 777 (1944); cf. Ford Motor Co. v. Bisanz Bros., 249 F.2d 22 (8th Cir. 1957); and generally, Annot., 84 A.L.R.2d 1412 (1961).

4

An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.

THEREFORE PREMISES CONSIDERED Judson Witham respectfully moves that HE and any other member of the Voting US Public be allowed to intervene so as to QUICKY and ACCURATELY answer the questions of law and fact before this Court regarding ALL Candidates Citizenship

Respectfully Submitted

Judson Witham
2250 N. University Prkwy Suite 48
Pvt Box 4863
Provo, Utah 84604

## Certificate Of Service

This is to Certify that a Correct Copy of this Intervention of Right has by US Mail and By Fax been served upon the Counsel and Parties to this action on October 10th 2008

Barrack Obama
713 Hart Senate Office Building
Washington, DC 20510
Fax (202) 228-4260

Democratic National Committee
403 S. Capitol Street SE
Washington DC 2003
Fax (202) 863-8063

Phillip J. Berg
555 Andorra Glen Court Suite 12
Lafayette Hill, PA 1944-2531
610-825-3134

Federal Election Commission
999 E. St. NE
Washington, DC 20463

5

# *Brigham Young University*



J. Reuben Clark
Law School

Howard W. Hunter
Law Library

256 JRCB/ P.O. Box 28000
Provo, UT 84602-8000
Telephone: (801) 422-3593   Fax: (801) 422-0404

## CLERK Facsimile Cover Sheet

To: US DIST COURT EASTERN DIST. PENN          Fax: 215-597-6390

From: JUDSON WITHAM "ET AL"

RE: CASE NO. 2:08-CV-04083-RBS

Date: 10/10/08          Number of Pages including cover: 6

Message          PLEASE FILE THE ATTACHED
FOR SUBMISSION WITH THE JUDGE

Judson Witham