UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PHILIP J. BERG, ESQUIRE, | : |
| --- | --- |
|  | : |
| *Plaintiff* | : |
| *vs*. | :CIVIL ACTION NO: 08-cv- 04083 |
|  | : |
| BARACK HUSSEIN OBAMA, ET AL, | : |
|  | : |
| *Defendants* | : |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the United States District Court Judge, Honorable R. Barclay Surrick on Plaintiff's Motion for Summary Judgment. Having reviewed the Motion and any response thereto and for good cause shown, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment pursuant to F.R.C.P. 56(c) is **GRANTED.** This Court Declares Barack Hussein Obama a/k/a Barry Hussein Obama a/k/a Barack Dunham a/k/a Barry Dunham a/k/a Barack Soetoro a/k/a Barry Soetoro is not a "natural born" or "naturalized" United States citizen and is ineligible to run for and/or serve as President of the United States. The Democratic National Committee is hereby enjoined from naming Barack Hussein Obama, et al as the Democratic Presidential Candidate on the ballot and both the Democratic National Committee and Barack Hussein Obama, et al are enjoined from any further campaigning on behalf of Barack Hussein Obama, et al for Office of the Presidency. It is an **ORDER** of this Court that Barack Hussein Obama's, et al name be removed from any and all ballots for the Office of the President of the United States.

It is further **ORDER** of this Court; Defendants are to pay Plaintiff $48,300.00, representing all fees and costs associated with this suit to date.

**IT IS SO ORDERED**

Dated: October _____, 2008                    _____
                                                                             Hon. R. Barclay Surrick
                                                                             United States District Court Judge
                                                                              For the Eastern District of PA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP J. BERG, ESQUIRE, | : |
| *Plaintiff* | : |
| vs. | :CIVIL ACTION NO: 08-cv- 04083 |
| BARACK HUSSEIN OBAMA, ET AL, | : |
| *Defendants* | : |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANTS, BARACK HUSSEIN OBAMA and
THE DEMOCRATIC NATIONAL COMMITTEE**

  Plaintiff Philip J. Berg, Esquire [hereinafter "Plaintiff"] files the within Motion for Summary Judgment and Brief in support thereof and moves this Court for an Order granting Summary Judgment to Plaintiff and against Defendant's, Barack Hussein Obama [hereinafter "Obama"] and The Democratic National Committee's [hereinafter "DNC"] on all Plaintiff's claims pursuant to Federal Rules of Civil Procedure, Rule 56(c) on the following grounds:

  1.  Plaintiff served Discovery by way of Requests for Admissions and Request for Production of Documents upon Defendants, Obama and DNC, on September 15, 2008.

2. Although Defendants, Obama and DNC, filed a Motion for a Protective Order staying all discovery pending the Court's decision on a Motion to Dismiss, Defendants failed to serve Plaintiff with any Answers and/or Objections to the Requests for Admissions Served upon each Defendant, Obama and DNC. To date, the Court has never issued any Protective Orders.

3. Failure to Answer or Object to Requests for Admissions within thirty [30] days deems the Request for Admissions "Admitted," Federal Rules of Civil Procedure 56(c).

4. Since the Requests for Admissions are now deemed Admitted, there are not any genuine issues of material facts remaining and Plaintiff is entitled to Judgment against Defendants, Obama and the DNC, as a matter of law.

5. To date, Plaintiff, Philip J. Berg, Esquire, has expended considerable time in pursuing this case. Accordingly, Plaintiff requests counsel fees and costs. In the amount of $48,300.00.

**WHEREFORE,** for the above aforementioned reasons, Plaintiff, Philip J. Berg, Esquire, respectfully requests this Honorable Court to grant Plaintiff's Motion for Summary Judgment against Defendants, Obama and the DNC as to all his claims and award counsel fees and costs to Plaintiff, Philip J. Berg, Esquire in the amount of $48,300.00.

Respectfully submitted,

s/ Philip J. Berg

Dated: October 22, 2008

_____
Philip J. Berg, Esquire
Attorney in pro se
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PHILIP J. BERG, ESQUIRE | : |
| --- | --- |
| *Plaintiff* | : |
| vs. | :CIVIL ACTION NO: 08-cv- 04083 |
| BARACK HUSSEIN OBAMA, ET AL | : |
| *Defendants* | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS, THE DNC AND OBAMA**

A. **OVERVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff is a life long Democrat who had always been proud of his Party. Plaintiff is a licensed attorney in good standing and has taken an oath to uphold the United States Constitution. Plaintiff and many other citizens of the United States have donated money and time to Democratic Presidential candidates as well as to the Democratic National Committee, in reliance on promises and assurances made by the DNC in the Democratic Party Agenda. It provides that the Democrat Party's goals, among others, are to "restore accountability, honesty and openness at all levels of government", to "restore the Constitution and protect the civil rights and liberties of all Americans" and to "uphold the Constitution." To uphold the Constitution includes making sure that the Presidential candidate is eligible to serve as President pursuant to Article II, Section 1 of our United States Constitution and that such candidate runs a fair and legitimate campaign.

In vetting the Presidential candidate the DNC and FEC are required to ensure the eligibility requirements pursuant to our Constitution are met and the Presidential candidate, if elected, would be eligible to serve as President. To be eligible and qualified to run for and/or serve for Office of the President of the United States a person <u>must</u> be a "natural born" citizen. United States Constitution, Article II, Section I. The **natural born citizen** clause has prohibited many prominent Americans from becoming **President**, including Governor Schwarzenegger and former Secretaries of State Madeleine Albright and Henry Kissinger.

The DNC has nominated Obama as the Democratic candidate for President of the United States. There are many unanswered questions regarding Obama's citizenship status:

1. Is Obama a "natural born" United States citizen?

2. Is Obama a "naturalized" United States citizen?

3. Is Obama a citizen of Indonesia?

If the answer to the first question is "yes" then Obama meets the citizenship requirements to be President. On the other hand, if the answer to the first question is "no" and the answer to the second or third question is "yes", Obama is not eligible to be President.

Plaintiff has learned through extensive investigation that Obama is not a "natural born" citizen. Plaintiff learned that Obama was born at Coast Hospital in Mombasa, Kenya located in Coast Province. Obama's father was a Kenyan citizen and Obama's mother a United States citizen who was not old enough and did not reside in the United States long enough to register Obama's birth in Hawaii as a "natural born" United States citizen. Under the laws in effect between December 24, 1952 and November 14, 1986 (Obama was born in 1961), a child born outside of the United States to one citizen parent could acquire "natural

born" United States citizenship if the United States citizen parent had been physically present in the United States for ten (10) years prior to the child's birth, five (5) of those years being after age fourteen (14). Nationality Act of 1940, revised June 1952; United *States of America v. Cervantes-Nava*, 281 F.3d 501 (2002), *Drozd v. I.N.S*., 155 F.3d 81, 85-88 (2d Cir.1998). Obama's mother was only 18 when Obama was born in Kenya and therefore, did not meet the age and residency requirements for her child to have acquired "natural born" United States citizenship. Therefore, Obama may not be considered a "natural born" United States citizen. There is no indication that Obama is a naturalized citizen either.

In response to requests from Plaintiff and the general public for Obama to produce proof of his citizenship, Obama allowed the Daily Kos to post on their website an image of a Certification of Live Birth with Obama's name on it purporting to be Obama's birth certificate at www.dailykos.com. This same image was also placed on Obama's website, http://fightthesmears.com and on another website located at http://factcheck.org. The image placed on these websites is of a Hawaiian document which is provided for children's births in Hawaii as "natural born", as well as births abroad, which have been registered in Hawaii, whether the citizenship status was "natural born" or "naturalized". Thus, the posting of Obama's purported birth certificate did not prove Obama was a "natural born" citizen. Further, the images placed on these three (3) websites were later discovered by Document Image Specialists to be altered and forged images.

It appears that Obama became an Indonesian citizen. Plaintiff discovered through investigation that Obama's mother married an Indonesian citizen, Lolo Soetoro who either signed a government form legally "acknowledging" Obama as his son or "adopted" Obama, either of which changed any citizenship status Obama had to a "natural" citizen

of Indonesia. Obama was registered in a Jakarta public school as an Indonesian citizen by the name of Barry Soetoro and his father was listed as Lolo Soetoro, M.A. There was no other way for Obama to have attended school in Jakarta, Indonesia as Indonesia was under tight rule and was a Police State. Indonesia did not allow foreign students to attend their public schools and any time a child was registered for a public school, their name and citizenship status was verified through the Indonesian Government. These facts indicate that Obama was an Indonesian citizen, and therefore, he is not eligible to be President of the U.S.

Plaintiff filed suit on August 21, 2008 seeking proof of Obama's citizenship status. Defendants, Obama and the DNC's Answers were due on or before September 24, 2008.

Plaintiff filed a Motion on September 09, 2008 for Expedited Discovery, Extensive Discovery, Deposition of Obama and Howard Dean, the DNC Chairman and a request for the appointment of a Special Master to be present during the depositions. Defendants failed to respond or oppose Plaintiff's Discovery Motion, which is still pending before this Court.

On September 15, 2008, Plaintiff served discovery by way of Request for Admissions and Request for Production of Documents on Defendants Obama and the DNC.

Instead of filing an Answer, Defendants, Obama and the DNC filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), claiming Plaintiff did not have standing and failure to state a claim which relief can be granted. Plaintiff Opposed the Defendants Motion to Dismiss and requested to file an Amended Complaint.

Plaintiff filed a Motion for Leave to file an Amended Complaint and attached his First Amended Complaint as **Exhibit "A"** on the early morning of October 6, 2008, document number fourteen (14) on the docket.

On the afternoon of October 6, 2008, Plaintiff received a call from John P. Lavelle, Jr., counsel for the DNC and Obama in order to meet and confer regarding discovery pursuant to Federal Rules of Civil Procedure, Rule 26(f). Mr. Lavelle requested a stay of discovery pending this Honorable Court's decision on Defendants Motion to Dismiss currently pending. Plaintiff declined this request as Obama's citizenship status is of National security as he is running for President of the United States. Mr. Lavelle stated he was filing a Motion for a Protective Order staying discovery pending a decision on the Defendants Motion to Dismiss. Shortly thereafter, Defendants' Motion for a Protective Order was filed with this Court as document number fifteen (15). This Court has <u>not</u> ruled on Defendants' motion.

The Presidential election is only two (2) weeks away. Obama is not a "natural born" citizen and is therefore ineligible to serve as President of the United States. As a result, Plaintiff as well as many other United States citizens have been harmed and will continue to be harmed until Obama proves his citizenship status or withdraws as the Democratic Presidential candidate. Plaintiff as well as many United States citizens will have been deprived of their constitutional right to vote for an eligible candidate and will lose the money they have invested in Obama in the elusive hope of "change".

The citizenship status of Defendant Obama is a critical issue and of concern to Plaintiff as well as the general public, which needs to be addressed prior to the Presidential election on November 4, 2008.

Instead of satisfying Plaintiff and the general public's concerns regarding Obama's citizenship status, or lack thereof, Obama and the DNC have chosen to litigate the matters in lieu of providing what should be simple proof. Defendants have filed two [2] Motions to Dismiss and a Motion for a Protective Order instead of simply solving the matters and providing the proof verifying Obama's citizenship status. The fact Obama is a U.S. Senator for Illinois and a Presidential candidate, he is open for public scrutiny and Plaintiff as well as all American Citizens have a right to question and receive proof of Obama's citizenship status.

Moreover, Defendants have failed to answer Plaintiff's requests for Admissions in a timely manner, and those matters are automatically deemed admitted in accordance with Federal Rules of Civil Procedure 36(a); <u>McNeil v. AT&T Universal Card</u>, 192 F.R.D. 492, 494 (E.D. Pa. 2000). Therefore, no genuine issue of material fact exists regarding Plaintiff's complaint against Defendants. Plaintiff is entitled to summary judgment as a matter of law.

**B. <u>REQUEST FOR ADMISSIONS SERVED UPON DEFENDANTS ARE DEEMED ADMITTED, THEREFORE, THERE ARE NO UNDISPUTED FACTS, SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF PLAINTIFF</u>:**

Request for Admissions were served upon Defendants, Obama and the DNC on September 15, 2008. Answers and/or Objections were due within thirty [30] days..

Although Defendants filed a Motion for Protective Order on October 9, 2008, the Court has never ruled upon their Motion and therefore, a Protective Order was not granted and discovery has never been stayed.

Failure to Answer or Oppose Requests for Admissions deems them Admitted. Federal Rules of Civil Procedure, Rule 36, <u>McNeil v. AT&T Universal Card</u>, 192 F.R.D. 492, 494 (E.D. Pa. 2000), <u>Goodman v. Mead Johnson & Co</u>., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038, 97 S. Ct. 732 (1977); <u>Siss v. County of Passaic</u>, 75 F. Supp. 2d 325, 331 (D.N.J. 1999).

Federal Rules of Civil Procedure, Rule 36 states in pertinent part:

> **"(3) Time to Respond; Effect of Not Responding.**
> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"

Plaintiff's Request for Admissions served upon Defendants were simple and straightforward recitations of fact which could be admitted or denied and to which Defendants should have personal knowledge and familiarity. Despite the simplicity, Defendants failed to Answer and/or Object to Plaintiff's Request for Admissions. Since Plaintiff's Requests for Admissions are based solely on Plaintiff's Complaint which addresses Obama's non-natural born United States citizen status (Plaintiff's Request for Admissions served upon Obama are attached hereto as **Exhibit "1"** and Plaintiff's Requests for Admissions served upon the DNC are attached hereto as **Exhibit "2"**), the fact that Obama is not a natural born citizen was automatically deemed admitted upon Defendants' failure to answer Plaintiff's Requests for Admission in a timely manner. The admitted matter is conclusively established for purposes of the pending action. *See* <u>American Auto Ass'n v.AAA Legal Clinic</u>, 930 F.2d 1117, 1120 (5th Cir. 1991) (conclusive effect of admission applies equally to matters affirmatively admitted and

those established by default). Therefore, there are no issues of material fact that remain and Plaintiff's Motion for Summary Judgment against Defendants, the DNC and Obama should be granted to all of Plaintiff's claims.

Admissions of fact made under Federal Rule of Civil Procedure, Rule 36 are "unassailable statement of facts that narrows the triable issues in the case." *Airco Industrial Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.29 1028, 1037 (3rd Cir. 1988).

For the above aforementioned reasons, Plaintiff's Motion for Summary Judgment against Defendants, Obama and DNC, should be immediately granted to all of Plaintiff's claims.

**C.** **SUMMARY JUDGMENT IS APPROPRIATE IN THIS CASE and MUST BE GRANTED IN FAVOR OF PLAINTIFF:**

Under Federal Rules of Civil Procedure, Rule 56(c), Summary Judgment should be granted to Plaintiff because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247 (1986), *Arnold Pontiac-GMC, Inc. v. General Motors Corp*., 786 F.2d 564, 568 (3rd Cir. 1986). The Third Circuit Courts have considered the question of the proper interplay between the granting of a Summary Judgment and requests for admissions and have held that failure to respond to properly served admissions permits the entry of summary judgment when the facts deemed admitted are dispositive. See *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990) (deemed admissions sufficient to support summary judgment); *Freed v. Plastic Packaging Materials, Inc*., 66 F.R.D. 550, 552 (E.D. Pa. 1975). In this case, Defendants' deemed admissions warrant

the entry of a Summary Judgment in favor of Plaintiff because the deemed admissions address every element of Plaintiff's claim and no genuine issues of material fact remain.

For the above aforementioned reason's Plaintiff's Motion for Summary Judgment against Defendants, the DNC and Obama should be immediately granted to all of Plaintiff's claims.

D.     **CONCLUSION:**

For the above aforementioned reasons, Plaintiff, Philip J. Berg, Esquire, respectfully requests this Honorable Court to Grant his Motion for Summary Judgment against Defendants, Barack Hussein Obama and The Democratic National Committee, as to all of Plaintiff's Claims.

Additionally, Plaintiff requests this Honorable Court to declare Barack Hussein Obama a/k/a Barry Hussein Obama a/k/a Barack Dunham a/k/a Barry Dunham a/k/a Barack Soetoro a/k/a Barry Soetoro is not a "natural born" United States citizen and is ineligible to run for and/or serve as President of the United States.

Plaintiff further requests this Honorable Court to Order The Democratic National Committee to remove the name of Barack Hussein Obama a/k/a Barry Hussein Obama a/k/a Barack Dunham a/k/a Barry Dunham a/k/a Barack Soetoro a/k/a Barry Soetoro from the Presidential ballot and to enjoin Defendants from any further Presidential campaigning on behalf of Barack Hussein Obama, et al.

In addition, Plaintiff requests this Honorable Court to Order the Democratic National Committee and Barack Hussein Obama, et al to pay all fees and costs associated

with this suit in the amount of $48,300.00. Plaintiff respectfully requests the Court to

Grant Plaintiff such other and further relief as the Court deems just and proper.

                                         Respectfully submitted,

                                          /s Philip J. Berg

Dated: October 22, 2008                      _____
                                          Philip J. Berg, Esquire
                                          Attorney in pro se
                                          555 Andorra Glen Court, Suite 12
                                          Lafayette Hill, PA 19444-2531
                                          (610) 825-3134

# CERTIFICATE OF SERVICE

I, hereby certify that Plaintiff's Motion for Summary Judgment and Brief in Support thereof, were served via electronic filing on the ECF System, this 22nd day of October 2008 upon the following:

John P. Lavelle, Jr.
Attorney I.D. PA 54279
**BALLARD SPAHR ANDREWS &
INGERSOLL, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8603
(215) 864-9125 (Fax)
lavellej@ballardspahr.com

Joseph E. Sandler
**SANDLER REIFF & YOUNG PC**
300 M Street, S.E. Suite 1102
Washington, D.C. 20003
Telephone: (202) 479-1111
Fax: (202) 479-1115
sandler@sandlerreiff.com

Robert F. Bauer
General Counsel, Obama for America
**PERKINS COIE**
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: 202.628.6600
Facsimile: 202.434.1690               Attorney's for Defendant's
RBauer@perkinscoie.com                Barack Hussein Obama and
                                      The Democratic National Committee

Benjamin A. Streeter, III, Esquire
The Federal Election Commission (FEC)
999 E. Street, NW
Washington, D.C. 20463   In pro se
bstreeter@fec.gov

  s/ Philip J. Berg
_____
Philip J. Berg, Esquire
Attorney in pro se
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134